FLORENCE MAY CLARK, APPELLANT, V. EDWARD PATRICK
CLARK, APPELLEE.

297 N. W. 661

FILED APRIL 25, 1941. No. 30926.

*Hotz & Hotz* and *Gordon Diesing*, for appellant.

*L. B. McDonald*, contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE
and YEAGER, JJ., and LANDIS and MUNDAY, District Judges.

MUNDAY, District Judge.

The plaintiff, Florence May Clark, appellant herein, ob-
tained a decree of divorce from the defendant, Edward
Patrick Clark, appellee herein, on March 4, 1930. This de-
cree, among other things, provided that the plaintiff should
have custody of the children of the parties, namely, Janet
Clark, then aged 16 years, and Edward Paul Clark, then
aged 12 years; that the defendant should pay the plaintiff
for her support and maintenance and for the support,
maintenance and education of said children the sum of

$300 each and every month thereafter until further order of the court.

Since this decree was entered there have been several applications for orders, and hearings have been held and orders made. As this appeal is in part determined by these proceedings, it seems necessary to consider part of them. On August 26, 1930, defendant filed a motion asking for reduction in alimony payments from $300 per month to $250 per month. On August 29, 1931, a supplemental decree was entered providing the payments be reduced to $250 as of July 1, 1930. The decree recites that plaintiff and defendant were in court and represented by counsel. On November 6, 1935, defendant filed a motion asking for orders *nunc pro tunc,* one, as of June 25, 1932, when it was claimed an order was pronounced reducing the payments to $200 per month, the other, as of April 20, 1933, when it was claimed an order was pronounced reducing the payments to $150 per month. It was further claimed that, through inadvertence or neglect, these judgments were not reduced to writing or filed. On December 30, 1935, an order was made fixing the payments at $150 per month until a hearing could be had upon the merits of the above application for the *nunc pro tunc* orders, or until further order of the court.

On February 25, 1936, there was an order denying said *nunc pro tunc* application for orders, and a finding made in the order that there was an agreement made on or about June 25, 1932, whereby the $250 monthly payments, mentioned above, were to be reduced to $200 per month, and it was adjudged "that the amount of alimony to be paid as set out in the supplemental decree heretofore entered on or about the 10th (29th) day of August, 1931, providing for monthly alimony of two hundred and fifty dollars ($250) per month was by agreement of both parties reduced to two hundred dollars ($200) per month from date of June 25, 1932." There was also a finding in this order that the court made no finding as to any further reduction of alimony. The decree recites that plaintiff and defendant

were in open court and represented by counsel, and that the findings were made from evidence adduced.

On September 18, 1939, defendant again filed an application for modification of the decree and supplemental orders fixing the amount of alimony. On November 1, 1939, motion was made by plaintiff for an order requiring the defendant to show cause why he should not be punished for contempt for nonpayment of alimony. Citation issued on this last motion on the same day. On November 6, 1939, defendant filed an amended and supplemental application for modification of the decree and orders. On November 13, 1939, reply to the order to show cause was filed by the defendant. On the above pleadings trial was had, which resulted in the decree of January 20, 1940, which is now here for review.

In this amended application for reduction of the payment and in the reply, the defendant, after denying he was in default of payment of alimony, alleged, in substance: The provisions of the original decree, and the modification thereof on August 29, 1931, providing for reduction to $250 per month; that on June 25, 1932, by agreement of parties, payments were to be further reduced to $200 per month; that the defendant's income was reduced in 1932 and 1933; that an agreement for reduction of alimony payments to $150 a month was made on April 7, 1933, with the plaintiff's attorney, who agreed to the same out of court, and on behalf of the plaintiff; that defendant relied upon this agreement; that defendant made said reduced payments under the belief that the necessary legal arrangements by plaintiff's counsel would be carried out, and that plaintiff is now estopped from asserting further claims; that he has paid $150 per month since April 7, 1933; that his assets have depreciated in value; that his daughter was 21 years of age in 1934 and his son reached that age in 1939; that he has been under the doctor's care for the past two years and has been required to spend some time in the hospital for recovery.

In the decree of January 20, 1940, the trial court ordered:

"That the order of this court heretofore entered on the 1st day of November, 1939, be and hereby is vacated; that the defendant be and hereby is purged of any and all contempt in the premises; that the decree heretofore entered and orders entered subsequent thereto, be and hereby is modified according to the finding herein, and that in lieu of any and all alimony claimed by plaintiff to be due her as well as all future alimony, defendant pay to plaintiff the sum of $2,700 and no more, in payments of $75 per month beginning February 1, 1940.

"It is further ordered that defendant turn over to Edward Paul Clark the proceeds of said savings bank account in the Oneida New York bank in the sum of $196."

At the trial the court examined the evidence leading up to the original decree, and the evidence taken at hearings when subsequent applications were made for modifying the original decree. Also new evidence was adduced. This evidence is all in the bill of exceptions.

The plaintiff contends:

(1) The district court had no jurisdiction to set aside and to cancel out retroactively accumulated payments of alimony awarded under the original decree, and under the subsequent modifying orders of the original decree made by the court.

(2) The record does not justify the order relieving the defendant from paying alimony after the payment of $2,700 at $75 per month from February 1, 1940.

For cross-appeal the defendant alleged error by the court in ordering him to turn over to the son, Edward Paul Clark, the proceeds of a savings bank account in the sum of $196.

The law is well established in this state that instalments of alimony become vested as they accrue, and that past-due instalments become final judgments, and courts have no authority to cancel or reduce the amount of such accrued payments. *Wharton v. Jackson,* 107 Neb. 288, 185 N. W. 428; *McIlwain v. McIlwain,* 135 Neb. 705, 283 N. W. 845; *Wassung v. Wassung,* 136 Neb. 440, 286 N. W. 340.

The rule is stated in 19 C. J. 359: "Payments exacted by the original decree of divorce become vested in the payee as they accrue, and the court, on application to modify such decree, is without authority to reduce the amounts or modify the decree with reference thereto retrospectively; the modifying decree relates to the future only and from the time of its entry."

While there is confusion in the record and it is not clear just what action was taken by the parties at some of the hearings, we are convinced, from a study of the record, that on August 29, 1931, a hearing was had, at which the parties and the counsel of each were present; that evidence was taken; that the court reduced the payments of $300 to $250 per month effective as of July 1, 1930; that there was no appeal from this order; that the term of court at which the order was granted has ended.

Also, that on February 25, 1936, another hearing was had, and the parties and counsel of each were present; that evidence was adduced; that the court made the order of February 25, 1936, above mentioned; that no appeal was taken from this order and the term of court at which it was made has expired. The evidence in the record at this last hearing shows that the issue as to whether this agreement for reduction of the alimony from $250 to $200 per month was made was submitted by the parties to the court for its determination.

The plaintiff contends that, not only the final order made on January 20, 1940, canceled out past-due and accrued instalments of alimony, and to that extent is void, but also contends that said order of August 29, 1931, in so far as it dated back to July 1, 1930, is void; that said order of February 25, 1936, is erroneous and void, principally because it did not conform to and was not supported by the pleadings.

We think the plaintiff's contention as to the final order of January 20 is in part correct and that she is entitled to the instalments of alimony accrued and unpaid at that time. However, the amount of these unpaid instalments is

determined by the amounts due on the supplemental orders of August 29, 1931, and February 25, 1936. As stated, these orders were made after a full hearing and evidence adduced. The issues were determined by the court. No appeal was taken from the orders; and the terms of court when they were made expired. These were appealable orders. *State v. Cook,* 51 Neb. 822, 71 N. W. 733; *O'Brien v. O'Brien,* 19 Neb. 584, 27 N. W. 640. The court had jurisdiction of the subject-matter, the parties, and the question decided and the relief granted. As an abstract statement of law, it is true that a judgment beyond the issues is void, especially in default cases. However, this rule has no application where the parties voluntarily try an issue not tendered by the pleadings to a court that has jurisdiction.

The supreme court of Minnesota states the general rule: "Where the parties have by consent tried issues not made by the pleadings, they are bound by the results the same as if the issues were within the pleadings." *Hommerberg v. State Bank of Slayton,* 170 Minn. 15, 212 N. W. 16.

The supreme court of Iowa sustains the rule: "The point is made that a judgment beyond the issues is void for want of jurisdiction. * * * But this rule has no application where the parties voluntarily try an issue not tendered by the pleadings." *Grimm v. Sargent,* 179 Ia. 750, 162 N. W. 57.

An excellent authority sustains the rule in this language: "Parties may, if they so elect, depart from the issues made by the pleadings, and try other questions relating to the merits of the controversy by consent or acquiescence, and in such cases the judgment is regular and binding upon them, the court treating as having been made the amendment which ought to have been made conforming the pleadings to the proof." 33 C. J. 1154.

This court has announced on many occasions that it will follow the theory on which the cause was tried below. In *Stuart v. Torrey,* 106 Neb. 608, 184 N. W. 215, recognition of the rule and practice is shown.

The case of *Domann v. Domann,* 114 Neb. 563, 208 N. W. 669, cited by plaintiff, is not in point. In the opinion in

that case Judge Day states that "the court went beyond any issue presented by the pleadings or tried in the case." In the instant case it was tried in the case. The opinion in the *Domann* case also indicates there was no proof on the issue on which the trial court entered judgment.

On the hearing of February 25, 1936, the issues as to the reduction of alimony by agreements to $200 per month and to $150 per month were tried and determined in the case. The orders of August 29, 1931, and February 25, 1936, are valid final orders.

Defendant contends that, since the court in its order of February 25, 1936, found that there was an agreement to reduce the payments of alimony to $200 per month, but stated in the decree that "the court makes no finding as to any further reduction of alimony," the court never passed on the alleged agreement to reduce the payments to $150 a month. The defendant asked only for two *nunc pro tunc* orders in the motion filed on November 6, 1935, which resulted in the order of February 25, 1936. At the hearing, when the order of February 25, 1936, was made, by mutual acquiescence of the parties, the evidence was taken as to both of the alleged agreements for the reduction of the payments of alimony. We have heretofore held that the plaintiff is bound by this hearing and order of February 25, 1936. The defendant is bound by the same order.

The decree of January 20, 1940, does not state the reason for the award of the $2,700, or how it was determined. It does not follow that the court attempted to give effect to, or to enforce, the alleged contract of April 20, 1933, as to reduction of the payments to $150 per month. If the trial court did so intend to give effect to this alleged agreement, it is error, not only because the issue had been determined, but the preponderance of the evidence at the hearing in 1936 and at the hearing in 1939, as shown by the record, was that such an agreement was not made. Plaintiff and her attorney both denied the making of such an agreement. After the defendant made the payment of $150 per month, instead of $200 per month, the plaintiff

wrote on each check she received from the defendant for alimony, "$50 due." She did this under instructions from her attorney.

Therefore, plaintiff would be entitled to the payments of $200 per month from June 25, 1932, to the date of filing the application in the present proceeding, except for January and February, 1936, when a temporary order was in force. The defendant paid $200 per month to April 1, 1933, and $150 per month from that date until September 18, 1939, so there is now due the plaintiff from the defendant $50 per month from April 1, 1933, to September 18, 1939, except for January and February, 1936. The decree as modified provides that the payments of instalments of alimony shall be made on the 2d and 16th of each month. There is a deficiency of $25 on each instalment. The number of instalments due is 18 in 1933, 24 in 1934, 24 in 1935, 20 in 1936, 24 in 1937, 24 in 1938, and 18 in 1939, or a total of 152. This makes a total of $3,800 due plaintiff from defendant on the instalments of alimony.

Should the plaintiff be given any future payments of alimony for support by the defendant? When the parties were married in 1908 it seems that neither had much property, and when the decree of divorce was granted in 1930 the husband had property of something over $9,000, and about one-third of it had been inherited from his mother. On January 20, 1940, the defendant had property of about the value of $9,600. It is difficult to arrive at the value of this property because much of it is in stock in the company for which the defendant is employed, and its value is not definitely fixed.

Also, defendant will receive a pension, when he retires, of 1 per cent. for each year of service based on his average salary for the last five years of·employment, and he will receive the difference from what he would receive under this pension plan and the social security benefits. In addition defendant has sick benefits and group insurance. None of the amounts of these benefits or insurance is shown with certainty. However, in the defendant's brief, after stating

this uncertainty, it is stated that, if the defendant retires after 25 years of service, "that would give him $412.50 per year from which would be deducted any social security benefits," thus indicating there would be some income from that source.

In 1930 defendant's income from salary, commissions and dividends was $5,620, and from the same sources up to November, 1939, it was about $3,365. Defendant's income from 1930 to 1939 has averaged about $4,000 per year. The above amounts are exclusive of his business expense of about $1,600 per year, which is paid by his employer.

The two children have been well educated, and are now of age and self-supporting. The defendant is about 55 years of age and the plaintiff about 53 years. The testimony of the defendant shows that he has diabetes and is under the care of a doctor, who has told him to quit traveling on account of this condition. The plaintiff, by her testimony, is suffering from arthritis. The wife has no property except her furniture, nor income, nor means of earning a living. No property settlement was made at the time of the original decree of divorce. The plaintiff at all times during the marriage relation is shown to have been a sincere and dutiful wife. From the payments of alimony received she paid out about $8,325 for education, board, room and clothing and incidentals for the two children. The evidence in the record at the hearing for the original divorce shows: That during the married life the plaintiff never had a maid nor help in the home; that she made most of her own clothes and those of the children; that she was never given any social consideration by the defendant in those matters that assist in making the married life a success; that she never had much company in the home, and that her companions were mostly her children; that when the defendant was in Omaha, where the home was located, he was at the home only for short periods, and when he was there he was quarrelsome with the wife and children. It would serve no useful purpose to set out the unhappy life

of the plaintiff. After 22 years of married life she secured the divorce and there is no statement in the record that would indicate there was any fault on her part. This court is committed to the rule that an application to revive an alimony decree is not a retrial of the original case, nor can it be used simply to review the equities of the original decree. *McIlwain v. McIlwain, supra.* The new and changed conditions of the parties are considered by the court and the decree is adapted to them.

There is no doubt that the situation of the parties has changed since the original decree and the last modification of it on February 25, 1936. The children have become of age. The health of the defendant is impaired, and his wages are not as much as at the time of the decree. The plaintiff's health is not good. From his total income of about $40,359 from 1930 to November, 1939, the defendant has paid for support of the plaintiff and the children approximately $23,000. These are sufficient facts and circumstances to justify a modification of the original decree as modified. *Young v. Young,* 138 Neb. 294, 292 N. W. 923.

The defendant has cross-appealed from the part of the decree of January 20, 1940, which ordered him to turn over to Edward Paul Clark, son of the parties, the proceeds of a savings bank account amounting to $196, which is in the name of the defendant. The son was 21 years of age at the time of the trial, and was not a party to the suit. There is no issue in the pleadings on the ownership of this account. The attorney for the defendant objected at the trial that there was no issue here as to the rights between the father and son, but after the trial judge stated "this is a matter we ought to get adjusted definitely," evidence was adduced on this issue. Since the son was not a party to the suit, the court has no authority to render judgment against the defendant on behalf of the son. The rule is stated in 4 C. J. 1162:

"A judgment which the court had no authority to render must be reversed on appeal, regardless of the manner in

which the higher court is informed of the lack of jurisdiction."

Under all the facts and circumstances, the court has reached the conclusion: That the defendant must pay the balance due on the defaulted instalments of alimony after April 1, 1933, to September 18, 1939, the date of the filing of the petition for modification of the decree, with interest from the 2d and 16th of each month at 6 per cent. annually on each deficiency of $25, commencing with April, 1933, and continuing until paid; that beginning on June 1, 1941, the defendant shall pay to the clerk of the district court of Douglas county for the plaintiff the sum of $75 each month, and on the 1st day of each and every month thereafter the same amount, until said accrued and defaulted instalments and interest thereon are fully paid; that the defendant be purged of contempt, and that the order of November 1, 1939, be vacated.

We have further concluded that the defendant shall make no further payments for the support and maintenance of the plaintiff until further order of the district court. It is stated in the briefs that attorneys' fees have been paid.

The judgment of the district court is reversed, with instructions to enter judgment in accordance with this opinion.

REVERSED.