ALTA BERYL SAUM, APPELLANT, V. WILLIAM C. SAUM, APPELLEE.

14 N. W. 2d 844

FILED JUNE 9, 1944. No. 31787.

*William E. Shuman,* for appellant.

*E. H. Evans, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and WENKE, JJ.

YEAGER, J.

This is an action for divorce instituted by Alta Beryl Saum, plaintiff and appellant, against William C. Saum, defendant and appellee.

The parties were married on October 26, 1933, and as a result of the marriage one child, a daughter, was born on June 1, 1940.

On October 16, 1943, a decree was entered granting a divorce to the plaintiff. By the decree plaintiff was awarded the custody of the minor child of the parties. Also by the decree the defendant was required to pay to plaintiff for the support of the minor child $5 per week until the further order of the court, and as alimony for the plaintiff $1,000 payable at the rate of $10 per week. Later on rehearing based on newly discovered evidence the weekly payments for the support of the child were increased to $7 per week and otherwise the decree remained the same.

The grounds for divorce need not be set out beyond the statement that it appears that the ground upon which it was granted was extreme cruelty on the part of defendant which was sufficiently proved. No defense was tendered.

That part of the decree relating to divorce is not in issue here. The plaintiff has appealed from the part of the decree pertaining to support for the child and alimony for herself. She seeks to have the decree modified so that weekly payments for child support shall continue until the child shall attain her majority and so that payments of alimony of $10 per week shall continue until the child shall have attained the age of 10 years.

As to the first of these propositions we cannot see any useful purpose in a change of the decree in the manner requested. The decree for child support in a divorce action is at all times subject to review and adjustment in the light of changing conditions regardless of the particular language of the award. Section 42-312, Comp. St. 1929, dealing with this subject is the following: "If the circumstances

of the parents shall change, or it shall be to the best interests of the children, the court may afterwards, from time to time, on its own motion, or on the petition of either parent, revise or alter to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

The second proposition does not permit of such ready determination. The pertinent statutory provision is section 42-318, Comp. St. 1929, as follows: "Upon every divorce from the bonds of matrimony for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case."

The facts to be applied to this statutory provision are substantially as follows: At the time of the divorce plaintiff was 37 years of age; defendant was 34; there was a child 3 years of age, nervous and high-strung with some kind of ailment requiring medical attention; the custody of the child was given to the mother; neither of the parties had any money or property except a small amount of household goods which was given to the plaintiff; prior to and since the decree plaintiff made a home for herself and the child in a small, rented, three-room dwelling; plaintiff has not been trained for any gainful occupation; defendant is a bartender, regularly employed with a net weekly income of slightly more than $37.50 per week; the responsibility for the divorce was entirely that of defendant; that under conditions obtaining before and at the time of the trial it required approximately $80 per month to maintain plaintiff and the child of the parties, which monthly amounts were

paid by defendant except for a short time before the trial.

On the face of the record there can hardly be any question that plaintiff has no estate or effects from which support and maintenance may be obtained for her and the child of the parties. There is further no question that at the time of the trial the amounts allowed were reasonable, having regard to the ability of the husband, the character and situation of the parties and the other circumstances disclosed by the record in the case.

There is nothing in the record to disclose that after the expiration of 100 weeks the situation will have changed in any material particular. On the other hand the evidence would seem to indicate that the child of the parties will, on account of characteristics outlined in the evidence, require close care and attention by the mother, and the mother seeks the increased alimony in order that she may give the required care until the child arrives at the age of 10 years.

It would seem therefore that adequate provision under the factual situation and the statute for a sufficient length of time for this woman and child has not been made.

From an examination of the precedents it is readily ascertainable that no fixed rule has been or can be established governing the determinations of the courts in such cases as this. In some cases where the economic considerations were somewhat similar to those surrounding these parties lesser amounts of alimony have been awarded and in some greater amounts.

As the statute points out, however, economic considerations are not the only ones to be examined. The character and situation of the parties and the other surrounding circumstances must be considered.

To require that defendant pay in accordance with the demand of plaintiff is, under present conditions, within the ability of defendant.

On the matter of the character of the parties there is no reflective word in the record against the plaintiff. On the other hand the evidence is without dispute that the defendant sacrificed his own home and gave up his faithful wife

and his child because of an amour with another woman, or as he said his chance "to go to the top" with another woman.

Under such circumstances the courts ought not to permit him to throw off his ties without making reasonable provision for those who were cast aside.

The difficulty arises in determining what is reasonable and the making of provision for payment.

In *McGechie v. McGechie,* 43 Neb. 523, 61 N. W. 692, the practice of providing periodical payments of alimony for an indefinite period of time or for life was disapproved in the following words: "We do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time."

By the later decisions it becomes apparent that the disapproval contained in this case has not been deemed a prohibition against allowing alimony in the form of an annuity, or against requiring a husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time. See *Hays v. Hays,* 75 Neb. 728, 106 N. W. 773; *Boxa v. Boxa,* 92 Neb. 78, 137 N. W. 986; *McCord v. McCord,* 119 Neb. 891, 231 N. W. 957; *McCord v. McCord,* 128 Neb. 230, 258 N. W. 474. It appears however that it is a caution to be observed and that the practice disapproved should not be resorted to unless the facts and circumstances of the particular case will not permit of any other just and equitable determination of the rights and liabilities of the parties flowing from the previously existing marriage relationship.

As has been pointed out plaintiff seeks to have the weekly payments of alimony continue until the child attains the age of 10 years. This might appear to invoke a contingency which would justify the application of the exception to the rule that alimony payments should not be allowed at fixed intervals for an indefinite period of time, yet under the facts and circumstances disclosed by the record we do not believe such a decree is justified.

The design of the statute and the decisions is, if reason-

ably practicable, at the time of severance of the marriage, by decree, to fix definitely the property rights of the parties in the light of the then and previously existing conditions. It cannot be said that this attitude eliminates every species of possible injustice or uncertainty, but it contributes less to injustice and uncertainty than property divisions and allowances which depend upon speculative contingencies. This is especially true in respect to title to real estate since contingent decrees as well as decrees for a definite amount of alimony payable periodically are liens upon real estate for the unpaid amounts allowed.

We conclude therefore that an award of alimony for plaintiff should have been made approximating the amount requested by her. An amount so approximating would be $3,000, instead of $1,000, payable at the rate of $10 per week for 300 weeks. This would be slightly less than the amount requested.

The decree of the district court is to the extent indicated reversed and the cause remanded with directions to enter decree in accordance with this conclusion with provision that the date for commencement of payments shall be October 16, 1943, the date fixed in the original decree.

Plaintiff having made application to the district court for an allowance for counsel fees, which was denied, and the record having been preserved thereon and presented to this court by assignment of error, an allowance of $25 is allowed for service of counsel in that court. A further allowance of $100 is allowed for service of counsel in this court.

REVERSED, WITH DIRECTIONS.