IN RE APPLICATION OF DALE WILLIAMS FOR A WRIT OF HABEAS CORPUS.
DALE WILLIAMS, APPELLANT, V. IRA A. WILLIAMS ET AL., APPELLEES.
74 N. W. 2d 543

Filed January 27, 1956. No. 33894.

*Stevens & Scott,* for appellant.

*Russell & Colfer,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

In this case the relator, Dale Williams, seeks the custody of his 8-year-old son, Dale Ira Williams, by habeas corpus. The trial court denied relator's application for the custody of the child and relator appeals.

The record discloses that Dale Ira Williams was born on April 2, 1947. His mother died approximately 4 hours after his birth. On the same day the child was placed under the care and custody of the respondents, Ira A. Williams and Matilda Williams, the paternal grandparents of the child, where it has remained until this action was filed on June 1, 1955. The relator, Dale Williams, is 33 years of age and a resident of Aurora, Colorado, where he is gainfully employed. On December

26, 1948, he remarried. The question of the fitness of either the father or the grandparents to have the custody of the child was not made an issue in the case. The relator asserts his rights as the natural guardian of his child. He states that he has a suitable home; that he has remarried and can properly care for the child; and that his present wife will give the child the care necessary to its continued welfare.

The respondents reside on a farm near Indianola, Nebraska. They are each 60 years of age. They have adequate financial resources to properly care for the child. The family includes a 16-year-old daughter who resides at home. The evidence shows that they have a suitable home in which to maintain the child. They have transported the boy to and from country school, where he has done well. Each of the respondents testify that the child has been contented while staying with them and has evidenced a desire to remain with them. They testify that they have become attached to the child as if he were their own and express their opinion that the best interests of the child require that he remain with them. There is evidence in the record that the child has visited his father in Colorado but has an aversion to living there. The grandparents express a willingness to continue to care for the boy as they have done during the 8 years he has been with them. No complaint is made that the child has not been properly cared for during the time he has been with them.

The evidence shows that the father has visited the child from time to time since the grandparents have had his custody. The father has made some contributions to the support of the child but the grandparents have provided the major portion of the cost of the child's support. The father never sought the custody of the child until a few months prior to the commencement of this litigation. There is evidence of difficulties between the father and the grandparents, which arose shortly before this action was commenced. There is evidence

that the child became emotionally upset because of the father's attitude and the desire of the child to remain with his grandparents. There is no evidence in the record concerning the attitude of relator's second wife toward the boy, although the relator states that it, would be agreeable with her. It cannot be determined, without disregarding the evidence, that the relator and his wife, or the grandparents, are unfit to have the custody of the child. The decision must therefore rest on other considerations.

The general rules governing the custody of minor children are well settled in this state. They have been stated to be: Where the custody of a minor child is involved in a habeas corpus action, the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of a fit, proper, and suitable parent. The courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation, or has forfeited that right. Lakey v. Gudgel, 158 Neb. 116, 62 N. W. 2d 525; Ripley v. Godden, 158 Neb. 246, 63 N. W. 2d 151; Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 2d 579; State ex rel. Hamilton v. Boiler, 159 Neb. 458, 67 N. W. 2d 426. Since there is no evidence of the father's unfitness to have the custody of his child, the only question for determination is whether or not he has forfeited his preferential right to the child's custody.

The record in this case shows that the respondents have cared for this little boy from the day of his birth with the full consent and approval of the father. For 8 years the grandparents have raised and educated the boy as if he were their own, without any reasonable compensation. The grandparents testify to their attachment for this child which has naturally come about through the willingness of the father that they should assume the responsibility for his care and training. The only home the child has known since his birth has been that

of the grandparents. The little boy has been happy and contented in the home of the grandparents. They have been parents to the child for all intents and purposes. A court may well hesitate to take the child away from such surroundings to try an experiment elsewhere. The father will not be deprived of his right to visit the child at the home of the grandparents. But we are convinced from this record that if the boy is taken from his present surroundings, the severance of the relationship he has had for all 8 years of his young life will be to the detriment of his welfare. The indifference of the father for the child's welfare for almost 8 years and his willingness that others should assume the obligations of parents in his stead, with the development of the ties and affections that naturally flow therefrom, leads us to the conclusion that the father has forfeited his natural right as a parent to uproot and destroy the close relationship between the child and the grandparents which he permitted to come into existence with his full approval and consent.

While it is true that a parent has a natural right to the custody of his child, the court is not bound as a matter of law to restore a child to a parent under any and all circumstances. The welfare of a child of tender years is paramount to the wishes of the parent, where it has formed a natural attachment for persons who have long stood in the relation of parents with the parents' approval and consent. This has long been the rule in this state. Sturtevant v. State ex rel. Havens, 15 Neb. 459, 19 N. W. 617, 48 Am. R. 349; State ex rel. Thompson v. Porter, 78 Neb. 811, 112 N. W. 286; In re Burdick, 91 Neb. 639, 136 N. W. 988, 40 L. R. A. N. S. 887; Gorsuch v. Gorsuch, 148 Neb. 122, 26 N. W. 2d 598.

We quite agree that the natural right of a parent to the custody of his child is not lightly to be denied. But where it appears, as here, that the father abandoned the care of his child to his parents for 8 years beginning from the day of its birth, with his full approval

and consent, he has forfeited his natural right to the child's custody. The best interests of the child require that he remain in the custody of the respondents who have occupied the relation of parents throughout the 8 years of the child's life and whose home has been the only home the child has ever known. The trial judge who heard the evidence and saw the witnesses came to the same conclusion. We find no reason to question the conclusions reached by the trial court, or to disturb the judgment entered.

AFFIRMED.