DONALD L. SPECK, APPELLEE, V. BETTY L. SPECK, APPELLANT.

82 N. W. 2d 540

Filed April 26, 1957.   No. 34142.

*Sam S. Diedrichs,* for appellant.

*Beatty, Clarke, Murphy & Morgan, Donald W. Peder- son,* and *Frank E. Piccolo, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Lincoln County modifying a decree of divorce by taking care, custody, and control of five minor children of the parties from the defendant and awarding their care, custody, and control to the plaintiff. The trial court also set aside the order for the support of the

·children by the plaintiff. The cross-petition of the defendant praying for an increase in the amount of support money was dismissed. From the judgment so modifying the original decree of divorce the defendant appeals.

The evidence shows that on October 28, 1953, plaintiff, Donald L. Speck, commenced a suit for an absolute divorce from the defendant, Betty L. Speck. On January 18, 1954, the court granted an absolute divorce to the defendant and awarded her the care, custody, and control of the five minor children, to wit: Michael A. Speck, born February 16, 1946; Sandra Sue Speck, born June 26, 1947; Jo Ann J. Speck, born July 29, 1949; Sheila L. Speck, born July 7, 1950; and Daniel C. Speck, born September 21, 1951. Defendant retained the care, custody, and control of the children for approximately 2 years. On December 20, 1955, plaintiff filed an application for the modification of the decree of divorce as it related to the custody of the children. Defendant filed an answer denying the allegations of the petition for the modification of the decree and a cross-petition for an increase in the amount of support money for the children. There were several subsequent pleadings filed, including a supplemental petition, which do not appear important in determining the issues raised by this appeal. The case was tried and a judgment modifying the decree entered on June 20, 1956, transferring the care, custody, and control of the children to the plaintiff, Donald L. Speck. The appeal is from this judgment.

The record shows that plaintiff remarried on October 31, 1954. He has established a good home in Kearney, Nebraska, and he has the apparent means of properly caring for the children. His present wife desires to have the children in the home. The evidence sustains a finding that plaintiff and his wife are suitable persons to have the care and custody of the children. The real issue, however, is whether or not the evidence sustains the action of the trial court in taking the children from the care and custody of the natural mother.

The evidence shows that defendant lived in a residence property in North Platte which she rented from her father. It consisted of a living room, kitchen, utility room, and two bedrooms. The five children slept in two bunk beds in one bedroom. The defendant slept in a double bed in the other bedroom. In the spring of 1954, defendant became enamored with one Clarence Watkins, a married man. At the beginning of their relationship he was delivering milk at the home of the defendant. He began taking meals at the defendant's home. His automobile was seen parked at her residence late at night and as early as 6:30 a.m. on numerous occasions. The defendant admits that Watkins stayed all night on three occasions, but insists that he slept on the davenport in the living room with his clothes on. They went to church together a few times. Defendant admits that Watkins took her to shows and sometimes took her automobile riding. She denies that she had any improper relations with him. She admits that she had agreed to marry Watkins when his divorce was obtained. The evidence is clear that Watkins corrected and disciplined the children and assumed more than a casual interest in the defendant at all times during the day and night. The record shows that he moved some of his furniture into defendant's garage, and set up a vegetable juicer in the utility room and sold vegetable juices as a means of livelihood. He used defendant's automobile in making his deliveries. Irrespective of all these evidences of a clandestine relationship, defendant denies having intimate relations with Watkins.

This court had a similar situation before it in Yost v. Yost, 161 Neb. 164, 72 N. W. 2d 689. We there said: "The record is replete with admissions by the defendant and Fanning which show the whole plan. Each admitted being married at the time they carried on their clandestine relations. They deny any sexual relations until after their purported marriage on May 1, 1954, but the acceptance of such evidence at its face value

would tax the credulity of a self-respecting court." The foregoing has particular application to the present case. It is contended that the evidence does not establish illicit relations by these parties. Direct evidence, of course, is not ordinarily procurable to establish such improper conduct. But where the evidence and circumstances show, as they do here, that every element is present except direct proof of the act itself, the court is not required to close its eyes to the obvious. It may properly determine even as against the protestations of one or both of the parties that the result followed which usually grows out of such a relationship. In any event, a proper regard for the welfare of her children required the defendant to refrain from conduct which would reflect upon her and produce harmful effects upon these small children. The evidence sustains a finding that the children were being cared for in improper and unfit surroundings and that the defendant was an unfit person to have their care and custody.

The law governing such cases is well settled. In Gorsuch v. Gorsuch, on rehearing, 143 Neb. 578, 11 N. W. 2d 456, it was stated in the following language: "The proper rule in a divorce case, where the custody of minor children is involved, is that the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper and suitable parents."

In awarding the custody of minor children of tender years under the foregoing rule, the best interests of the children usually require that they be given into the care and custody of the mother if she is a suitable and fit person. When the care and custody of minor children have been awarded to the mother in a divorce action, such custody will not ordinarily be disturbed in a subsequent proceeding to modify the original decree unless it is shown that the mother is an unfit person to have their custody. Bath v. Bath, 150 Neb. 591, 35 N. W. 2d 509; Lichtenberg v. Lichtenberg, 154 Neb. 278, 47 N. W.

2d 575; Cowan v. Cowan, 160 Neb. 74, 69 N. W. 2d 300. The evidence sustains a finding that the mother is an unfit and unsuitable person to have the care and custody of these minor children. Since the trial court came to the same conclusion, its finding to that effect must be sustained.

The defendant asserts that the trial court erred in placing the care and custody of the children in the plaintiff and his present wife, Eleanor. One of the objections is that Eleanor had three children by a previous marriage and that their care and custody had been awarded to their father. The record shows that Eleanor and her former husband, together with their children, had moved to Nebraska from New York. The father took the children and returned to New York where divorce proceedings were instituted. Eleanor testifies that she had no funds to contest the divorce and that the children were awarded to the father by default. We do not think this in itself makes her unfit and unsuitable in assisting the plaintiff in rearing his children.

We conclude from the evidence that the trial court properly found that defendant was an unfit and unsuitable person to have the care and custody of these minor children. We think the evidence shows that plaintiff is a fit and proper person to have their care and custody. The judgment of the trial court so finding is therefore correct.

The defendant complains of the dismissal of her cross-petition for additional support money for the children. In view of our findings hereinbefore made, the cross-petition was properly dismissed.

It appears also that plaintiff was cited for contempt for failure to pay delinquent child-support money. While the trial court did not directly rule on the merits of the citation for contempt, it is apparent that it held for the plaintiff when it set aside its previous award of support money and relieved the plaintiff of all past due pay-

ments. The effect of this finding is to hold the plaintiff not guilty of contempt.

That part of the court's order purporting to release the accrued payments for the support of the children is erroneous. The trial court has no such authority. The rule is: Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, such payments become vested in the payee as they accrue. The courts are without authority to reduce the amounts of such accrued payments. Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340; Clark v. Clark, 139 Neb. 446, 297 N. W. 661; Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689. That part of the order vacating the accrued payments for child support is reversed.

Plaintiff filed a motion to dismiss the appeal for the reason that defendant and Watkins have married and moved to Denver, Colorado, subsequent to the trial of this case. This affords no basis for a dismissal of the appeal. The motion to dismiss is overruled.

MOTION TO DISMISS OVERRULED. JUDGMENT AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.