PATRICIA MAXINE HALE CAPORALE, APPELLEE AND CROSS-APPELLANT, V. WALTER GENE HALE, APPELLANT AND CROSS-APPELLEE, ARNOLD A. JOHNSON ET AL., INTERVENERS-APPELLEES AND CROSS-APPELLANTS.

100 N. W. 2d 847

Filed February 5, 1960. No. 34700.

Frederick W. Carstens, for appellant.

*Philip M. Everson, Jr.,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Gage County involving an application filed by Walter Gene Hale to have a decree of divorce originally rendered by that court on December 21, 1951, and modified September 16, 1953, changed insofar as it affects the care, custody, and control of his two minor children.

The record shows that Walter Gene Hale and Patricia Maxine Johnson were married, apparently sometime in 1949. At the time of their marriage they were respectively 17 and 15 years of age. Two children were born to this marriage, both boys. Gary Gene Hale was born on August 1, 1950, and Arnold Dee Hale on September 9, 1951. We shall herein refer to these two minor Hale children as the two boys.

On December 21, 1951, the district court for Gage County granted Patricia Maxine Hale, who will hereinafter be referred to as the mother, a divorce from Walter Gene Hale, who will hereinafter be referred to as the father, and awarded custody of their two boys to the mother with certain visitation rights to the father. The decree also provided that the father should make certain monthly payments to the clerk of the district court for the support of the two boys.

Thereafter, on September 16, 1953, the district court for Gage County, on joint application of the mother and father, modified its decree of December 21, 1951, insofar as it related to the custody of the two boys, by awarding their care, custody, and control to Arnold A. Johnson and Mary Eleanor Johnson, who are the boys' maternal grandparents. The court also relieved the father of any further payments for their support.

It is apparent the father, probably because of his age at the time of his marriage, was unprepared to meet

the responsibilities thereof, especially that of father-hood. It is also apparent that at about the time of the change in custody of the two boys to their maternal grandparents the father had become somewhat unstable and became involved in a good many serious difficulties. He was, at that time, substantially in arrears in the payment of child support and heading for trouble be-cause of that fact. In view of all these circumstances it was agreed that if this change in custody was made no requirements as to child support would be made on the father and it would appear the court agreed thereto.

Subsequent to their divorce both father and mother re-married. The father remarried in June 1953. This couple have one child, a son born November 8, 1954. The family moved to California in 1955 and have, ever since, lived in Vista in that state where the father is gainfully employed. The mother remarried in June 1955, her name now being Patricia Maxine Caporale. The Caporales have two children, a daughter born May 5, 1956, and a son born December 10, 1957. Caporale is a member in the regular armed forces (Air Force) of the United States and presently assigned to duty in Puerto Rico.

Although the care, custody, and control of the two boys were given to the mother by the decree rendered December 21, 1951, the fact is that ever since the younger of the two boys was born they have both lived in the home of their maternal grandparents in Wymore, Nebraska.

On April 14, 1959, the father filed an application in the district court for Gage County seeking to have the previous order of that court modified so as to give him the care, custody, and control of the two boys now living with their maternal grandparents and, if that is done, for permission to take the boys to the State of California to reside in his home now located there. The application to modify was filed shortly after the mater-nal grandparents, for good and proper reasons, inquired

of the father, through their counsel, if he would voluntarily consent to their adopting the two boys. When he did not do so no action was taken by them for that purpose. The mother and maternal grandparents filed an answer objecting, for reasons therein set forth, to the father's request for modification and in addition prayed for an order of the court requiring the father to make payments in support of the two boys. A hearing was had therein and, on June 24, 1959, the trial court denied the father's request for a change of custody and control of the two boys, leaving their care, custody, and control in the maternal grandparents; denied the prayer of the mother and maternal grandparents that the father be required to contribute to the support of the two boys; and taxed all costs to the father, including an attorney's fee in the sum of $100. The father filed a motion for new trial and this appeal is from the overruling thereof. The mother and maternal grandparents have filed a cross-appeal.

The matter is before this court for trial de novo. See, Schalk v. Schalk, 168 Neb. 229, 95 N. W. 2d 545; McNamee v. McNamee, 154 Neb. 212, 47 N. W. 2d 383. The trial court's original authority in such matters is provided by section 42-311, R. R. S. 1943, and the right to make changes therein by section 42-312, R. R. S. 1943. As stated in Carlson v. Carlson, 135 Neb. 569, 283 N. W. 214: "The decree of the court, in so far as the minor children are concerned, is never final in the sense that it cannot be changed."

"The proper rule in a divorce case, where the custody of minor children is involved, is that the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents." Schalk v. Schalk, *supra.* See, also, Speck v. Speck, 164 Neb. 506, 82 N. W. 2d 540; Williams v. Williams, 161 Neb. 686, 74 N. W. 2d 543; Campbell v. Campbell, 156 Neb. 155, 55 N. W. 2d 347; Swanson v. Swanson, 137 Neb. 699, 290 N. W. 908;

Norval v. Zinsmaster, 57 Neb. 158, 77 N. W. 373, 73 Am. S. R. 500. As stated in Norval v. Zinsmaster, *supra*: "The statute does not make the judges the guardians of all the children in the state, with power to take them from their parents, so long as the latter discharge their duties to the best of their ability, and give them to strangers because such strangers may be better able to provide what is already well provided."

"In awarding the custody of minor children the court looks to the best interests of the children and those of tender age are usually awarded to the mother if she is a fit and proper person to have their custody." Speck v. Speck, *supra*. See, also, Schalk v. Schalk, *supra;* Campbell v. Campbell, *supra;* Hanson v. Hanson, 150 Neb. 337, 34 N. W. 2d 388; Crandall v. Luhnow, 137 Neb. 13, 288 N. W. 29.

"The father is entitled to the custody of the daughter, rather than the maternal grandparents, where he is an entirely proper person, and has a satisfactory place to keep her, considering all facts relating to her age, care, education, and maintenance." Hobza v. Hobza, 128 Neb. 598, 259 N. W. 516. See, also, Crandall v. Luhnow, *supra*.

However, as stated in Williams v. Williams, *supra*: "The courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation, or has forfeited that right." See, also, Norval v. Zinsmaster, *supra*.

"The natural rights of a parent to the custody of his child are not absolute. They must yield to the best interests of the child where the preferential right has been forfeited." Williams v. Williams, *supra*.

The maternal grandparents have lived in Wymore, Nebraska, since 1941, Johnson being 52 years of age and his wife 42. Mr. Johnson is a carpenter by trade and has been quite regularly employed as such. They purchased a home in Wymore in 1941 and have been and are

raising a family therein of five girls and one boy, the oldest being the mother of the two boys. At the time of the hearing herein in June 1959, three of the Johnson children were living at home. The three consisted of two girls, who are 17 and 15 years of age, respectively, and a boy about 5 years old. The home, which is fully furnished, is adequate to house the parents and all five children. The maternal grandparents seem to have been thrifty for they are free from debt and reasonably well fixed and fully capable of supporting their present family, including the two boys.

These two boys seem to be happy in the only home they have ever really known. They are in good health, get along well with the Johnson children, as well as those in the neighborhood, and are treated by the maternal grandparents as part of their family. Gary is now in the fourth grade and Arnold in the third grade of the public schools of Wymore, and their report cards for the school year of 1958-59 show they are doing very well. They are growing up in a home with which no one finds fault, not even the father, and the maternal grandparents have given the two boys good care, including proper discipline, and are willing to continue to do so.

On the other hand, the father has shown very little interest in the welfare of these two boys. Since the order of September 16, 1953, he has contributed neither money nor clothing for the boys' care. He has seldom sent them a greeting card at Christmas or on their birthdays, and he has very infrequently visited them in the home of their maternal grandparents. We think the father by such conduct has forfeited any natural right he may have had to the custody and control of his two boys.

As stated in Williams v. Williams, *supra*: "While it is true that a parent has a natural right to the custody of his child, the court is not bound as a matter of law to restore a child to a parent under any and all

circumstances. The welfare of a child of tender years is paramount to the wishes of the parent, where it has formed a natural attachment for persons who have long stood in the relation of parents with the parents' approval and consent." The court therein went on to say: "The best interests of the child require that he remain in the custody of the respondents who have occupied the relation of parents throughout the 8 years (here about the same length of time) of the child's life and whose home has been the only home the child has ever known." That is the situation here. See, also, In re Burdick, 91 Neb. 639, 136 N. W. 988, 40 L. R. A. N. S. 887; Gorsuch v. Gorsuch, 148 Neb. 122, 26 N. W. 2d 598; Stohlmann v. Stohlmann, 168 Neb. 401, 96 N. W. 2d 40. As stated in In re Burdick, *supra*: "The welfare of an infant is paramount to the wishes of the parent, where it has formed a proper and natural attachment for another person who has long stood in the relation of a parent with the parent's consent."

We affirm the trial court's order of June 24, 1959, continuing the care, custody, and control of the two boys in the maternal grandparents but note that, although the trial court found the parents should have the right to visit the two boys in the home of the maternal grandparents, it made no order to provide such right. We think the decree should so provide and direct the trial court to amend its order to that effect as follows: That either parent shall have the right to visit the two boys at reasonable and proper times either in the maternal grandparents' home or at some other place in Wymore, Nebraska, agreed upon by them, but under no circumstances is either parent, upon the occasion of such visit, to take either or both of the boys out of the State of Nebraska. See, Young v. Young, 166 Neb. 532, 89 N. W. 2d 763; Campbell v. Campbell, *supra*. As stated in Young v. Young, *supra*: "In a divorce case it is generally the best policy to keep minor children within the jurisdiction of the court."

The mother and maternal grandparents have filed a cross-appeal wherein they contend that the trial court erred in not finding and determining that there had been a change of circumstances to such an extent as to require the father to pay a reasonable amount for the support and maintenance of the two boys.

As stated in Saum v. Saum, 144 Neb. 842, 14 N. W. 2d 844: "The decree for child support in a divorce action is at all times subject to review and adjustment in the light of changing conditions regardless of the particular language of the award." See, also, § 42-312, R. R. S. 1943; Griess v. Griess, 161 Neb. 1, 71 N. W. 2d 513; Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617; Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6. As stated in Schrader v. Schrader, *supra:* "An application for a change with respect to an allowance for support and maintenance of minors, as provided in a decree of divorce, made at any time after the decree has been entered must be founded upon new facts or circumstances which have arisen subsequent to the entry of the decree. In the absence of such facts and circumstances the matter will be deemed res adjudicata."

The fact that the mother and father agreed to a change in the custody of the two boys in 1953, on the basis that the father would be relieved of child support payments, does not now prevent this court, or the trial court, from considering that question, for the liability of a father for the support of his minor children is a continuing liability and one in which the public has an interest.

· The evidence shows that in September 1953, the father was in financial as well as other difficulties and clearly not in position to pay very much child support, if any. Now he is regularly and gainfully employed, having a take-home pay of $325 per month. We think the time has come when he should contribute to the support of his two boys. It is true the maternal grandparents testified they wanted to keep the two boys and would fully support them without such aid but that fact is not neces-

sarily controlling. We hold the father should be required to support the two boys by contributing for that purpose the sum of $25 per month for each boy, or a total of $50 per month commencing with February 1, 1960. The trial court is directed to modify its order accordingly and direct that such payments be made by the father to the clerk of the district court for Gage County.

The mother and maternal grandparents ask that a reasonable fee be allowed as attorney's fee for services of their attorney in this court. That such a fee can properly be allowed the mother is evidenced by the following opinions of this court. See, Chambers v. Chambers, 75 Neb. 850, 106 N. W. 993; Schrader v. Schrader, *supra;* Campbell v. Campbell, *supra;* Griess v. Griess, *supra.* The mother's attorney was allowed an attorney's fee of $100 by the trial court. We find the request, in view of all the circumstances, to be well taken and allow the mother a fee of $150 for the services of her counsel in this court, the same to be taxed as costs. All costs in this court, including such attorney's fee, are taxed to the father.

We, therefore, affirm the judgment of the trial court in continuing the care, custody, and control of the two boys in their maternal grandparents, but remand the cause to it with directions to modify its judgment, doing so in the manner and form as we have herein determined should have been rendered.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.