KATHRYN G. GOODMAN, APPELLANT, v. DAVID E. GOODMAN, APPELLEE.

113 N. W. 2d 202

Filed February 9, 1962. No. 35107.

*Schrempp & Lathrop* and *Henry C. Rosenthal, Jr.,* for appellant.

*Stern, Harris & Feldman* and *Kistle & Telpner,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal from the district court for Douglas County, Nebraska, in a proceeding upon an application to modify the judgment in a divorce action. The appellant, Kathryn G. Goodman, was the plaintiff in the divorce action and David E. Goodman, the appellee, was the defendant.

On January 11, 1956, the plaintiff was granted an absolute divorce from the defendant. The custody of the two minor children of the parties was awarded to the plaintiff subject to a specified right of visitation by the defendant. The judgment further provided that the defendant was to pay the sum of $85 per month to the plaintiff as child support and additional amounts as alimony, attorney's fees, and costs.

On May 2, 1958, upon the stipulation of the parties, the judgment was modified to provide that the plaintiff could remove the minor children of the parties from Omaha, Nebraska, to Independence, Iowa, and made certain changes in the defendant's right of visitation.

On March 31, 1959, the defendant filed an application to modify the judgment by transferring the custody of the minor children from the plaintiff to the defendant

and eliminating the provision for child support payments effective April 1, 1959. This appeal concerns the proceedings upon this application.

The application, filed March 31, 1959, alleged that the plaintiff recently had married Frank Davis but that the marriage was invalid because Davis was previously married; that the plaintiff knew that Davis was a married man at the time she entered into the marriage ceremony with him; that the plaintiff and Davis had left Douglas County with the minor children of the parties and that her address and that of the children was unknown; that the plaintiff was unfit to have the custody of the children; and that their best interests required that their custody be awarded to the defendant.

On April 12, 1961, the plaintiff filed a voluntary appearance and answer to the application, alleging that she was a fit person to have the custody of the children and praying that no change in custody be made.

Thereafter the defendant filed a reply alleging that on October 28, 1960, in a habeas corpus proceeding in the State of Louisiana, the custody of the children was awarded to the defendant; that on April 13, 1961, in a proceeding in the State of Kentucky, the defendant was again awarded the custody of the children; and that the children were now in the custody of the defendant pursuant to the judgments in those proceedings.

The trial court found that the plaintiff was not a fit and proper person to have custody of the children and that the defendant was a fit and proper person to have custody of the children. The trial court modified the judgment in the divorce action and awarded custody of the children to the defendant subject to a right of visitation in the plaintiff. The court further ordered that all child support payments due after March 31, 1959, be canceled. Each party was ordered to pay his own costs and no allowance was made for an attorney's fee. The plaintiff's motion for new trial was overruled and she has appealed.

An application to modify a judgment in a divorce action relating to child custody is heard and determined de novo in the Supreme Court. Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847.

The evidence shows that the minor children of the parties are Devera Jean Goodman, now 9 years of age, and Douglas James Goodman, now 7 years of age.

The evidence further shows that on February 9, 1959, the plaintiff entered into a marriage ceremony with Frank Davis at Omaha, Nebraska. The marriage between the plaintiff and Davis was void because Davis was then a married man. The plaintiff testified that early in 1959, in a conversation with the employer of Davis in Omaha, she was advised that the employer thought that Davis was a married man; and that early in 1959 she received a long-distance telephone call from a woman who claimed to be married to Davis. The plaintiff elected to disregard these incidents and without making further inquiry states that she relied upon the statement of Davis that he was unmarried.

The plaintiff further testified that she was aware of the fact that she was not to take the children out of the state without the permission of the court. However, in February 1959, without securing the permission of the court, the plaintiff left Omaha with Davis and the children and went to Bossier City, Louisiana. The plaintiff left no forwarding address and did not want the defendant to know where she was. Several weeks later the plaintiff called her mother in Omaha and told her where they were living. But, upon inquiry by the defendant and others in his behalf, the plaintiff's mother denied that she knew where the plaintiff was living.

In September 1960, the defendant learned that the plaintiff and the children were living in Bossier City, Louisiana. He employed counsel and obtained a writ of habeas corpus commanding the plaintiff and Davis to produce the children instanter. The petition filed in the Louisiana proceeding alleged that Davis had

deserted his wife and children. A copy of the petition and the writ were served upon the plaintiff and Davis, and at that time Davis admitted to the plaintiff that he was not divorced. The plaintiff and Davis appeared in the Louisiana proceeding by counsel and secured a continuance for 2 weeks but their counsel later withdrew from the case. Before the day set for hearing arrived, the plaintiff left Louisiana with the children and went to Texarkana. The plaintiff stayed in Texarkana for about 3 weeks. She was then 5 or 6 months pregnant. The plaintiff talked with Davis by telephone and at his suggestion she and the children went to Fulton, Kentucky. The plaintiff rented a three-room apartment there and entered the children in school as the children of Mr. and Mrs. Frank Davis.

Davis spent several weekends with the plaintiff at the apartment in Fulton, Kentucky. In January 1961, he moved into the apartment. The plaintiff's third child was born in January 1961. After the plaintiff returned from the hospital she continued to live in the apartment with Davis. Davis lived with the plaintiff and the children in the apartment from January 1961 until 3 days before the plaintiff returned to Omaha in April 1961. During the time that they were in Kentucky, the plaintiff and Davis held themselves out as married.

In January 1961, the defendant learned that the plaintiff and the children were living in Kentucky. The defendant employed counsel and commenced a proceeding to obtain custody of the children. This proceeding resulted in a judgment placing temporary care, custody, and control of the children in the defendant and directed that the defendant return to his home, and, on request, submit the children to the jurisdiction of the district court for Douglas County, Nebraska.

In a divorce case, where the custody of minor children is involved, the custody of the children is to be determined by the best interests of the children, with due regard for the superior rights of fit, proper, and

suitable parents. In awarding the custody of minor children the court looks to the best interests of the children, and those of tender age are usually awarded to the mother if she is a fit and proper person to have their custody. Speck v. Speck, 164 Neb. 506, 82 N. W. 2d 540. Courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unable to perform the duties imposed by the relation or has forfeited that right. Caporale v. Hale, *supra*.

The evidence shows that the plaintiff is not a fit and proper person to have the custody of the minor children. The plaintiff has demonstrated that she is an irresponsible person who is primarily interested in her own pleasure. What interest she has in her children is secondary to her concern for herself.

The plaintiff admits that she deliberately removed the children from the jurisdiction of the court for the express purpose of depriving the children from any association with their father. By concealing her address from the defendant and the clerk of the court, she deprived the children of the benefit of the support payments. At the same time the plaintiff carried on a relationship with a married man who had deserted his own wife and family. The plaintiff continued this relationship for more than 6 months after she knew positively that her companion was married and had deserted his family. In fact, the plaintiff testified that Davis did not move out of the apartment in Fulton, Kentucky, until after the habeas corpus proceeding had been commenced there and counsel had advised that he should move from the apartment.

The evidence further shows that the defendant is a fit and proper person to have the custody of the children. Upon a review of the evidence de novo we come to the same conclusion as the district court did with respect to custody of the children. We also conclude, as did the trial court, that the form or kind of religious instruc-

tion for the children should not be prescribed by the court at this time.

The trial court canceled all payments of child support due after March 31, 1959, the date upon which the defendant's application to modify the judgment was filed. The plaintiff contends that the court had no right to cancel payments which accrued after the application had been filed and before it had been heard and acted upon, citing Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617. The precise question raised by the plaintiff in this case was not considered in the Schrader case.

The general rule is that the court has the power to cancel payments of child support which accrue after the filing of a petition to modify the judgment. 17 Am. Jur., Divorce and Separation, § 762, p. 795; 17A Am. Jur., Divorce and Separation, § 863, p. 50; Annotation, 6 A. L. R. 2d 1277. This rule was given effect in Clark v. Clark, 139 Neb. 446, 297 N. W. 661, where the defendant was ordered to pay the balance due on defaulted installments of alimony and child support to the date of the filing of the petition for modification of the decree, but was excused from making further payments for support and maintenance until the further order of the district court.

The plaintiff in this case removed the children from the jurisdiction and deliberately concealed them from the defendant. It was impossible for the defendant to visit the children and there was no way for the support money to be forwarded to the plaintiff. Under the circumstances in this case, it was proper for the court to cancel the payments which accrued after the filing of the application to modify the judgment. See Hasse v. Hasse, 232 Minn. 234, 45 N. W. 2d 383.

The trial court made no allowance for attorney's fees and none is made in this court. The judgment of the district court is correct and it is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.