ALFRED E. BERIGAN, APPELLEE, v. MARY L. BERIGAN, NOW MARY L. LECHMAN, APPELLANT.

176 N. W. 2d 1

Filed April 3, 1970.  No. 37439.

Mitchell & Beatty, for appellant.

Leo Eisenstatt and J. Patrick Green of Eisenstatt, Higgins, Miller & Kinnamon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

A 1964 divorce decree granted the defendant mother Mary Berigan a divorce but, due to her serious illness, placed custody of their two boys in the plaintiff father. On August 7, 1968, defendant filed this petition for modification and custody of the boys. At the close of her evidence, the district court sustained the plaintiff's motion to dismiss for insufficiency of evidence. We reverse the judgment of the district court and remand the cause for a new trial.

If the circumstances of the parties change or if it is in the best interests of the children the court may from "time to time," on the application of either party or

on it own motion, revise or alter the custody provision of a divorce decree. § 42-312, R. R. S. 1943.

A previous petition filed in 1964 was discontinued, and a 1966 petition was dismissed for insufficiency of evidence on November 3, 1966. We avoid questions of res judicata by considering evidence as to fitness since November 3, 1966. See Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445.

We summarize our findings from the evidence. The defendant, seriously ill, depressed, and sometimes disoriented, was incapable of the children's care at the time of her securing the 1964 divorce. Consequently, the custody of the two boys was granted to the plaintiff. No finding of defendant mother's "unfitness" was made by the court at that time or at any time since in this litigation.

Defendant's evidence conclusively shows a long, continued, complete, and remarkable recovery from her incapacitating illness present at the time of the divorce. She has been employed, is now remarried, and maintains a good home with an ample income to support and maintain the boys.

The evidence sustains a finding that the plaintiff takes the boys (ages 8 and 10 at the time of trial) to taverns and bars, and that he becomes intoxicated in their presence. The youngest boy, on examination, stated that when plaintiff was drinking he does "stupid stuff, * * * like drive crazy." He takes them with him when visiting women, they are often kicked by their father, he comes home after the boys have eaten, they know he has been drinking because he walks funny, his hands go all over, he looks straight at the floor, and then goes to bed. This happens several times a week. The boys have found whiskey bottles under the car seats and are locked out of the house so the housekeeper can watch television; they have been to the police station with their father to get one of his lady friends out of jail; and the police took the father to

jail once when he was asleep on the interstate with the *eldest boy in the back seat.*

The evidence in this case is not confined to isolated incidents. It reveals a continuous and habitual pattern of drinking and drunkenness, erratic automobile driving, bar hopping, being thrown out of bars, immoral and dissolute conduct with women, and general irresponsibility. The defendant's evidence warrants an inference of aggravation of improper conduct both in quality and degree since November 1966. Some of the evidence is from paid investigators but it is amply corroborated by independent witnesses. The invasion of this conduct into the lives of the two boys is clear, either by direct evidence or inescapable inference. The evidence, quite overwhelming in nature, is inconsistent with any rational finding of *present* fitness in the plaintiff.

The state and the court's concern is not merely adequate food and clothing for children but the proper moral and educational background, including the environment of the home, the stability and love of the parental relationship, and the effect which the actions of a parent may create in the impressionable mind of a child of tender years. A proper regard for the welfare of children requires the parent to refrain from conduct which would reflect on him and produce harmful effects upon his children. Speck v. Speck, 164 Neb. 506, 82 N. W. 2d 540.

In modification cases, we have recently applied the following rule: "The proper rule in a divorce case, where the custody of minor children is involved, is that the custody of the child is to *be determined by the best interests of the child,* with due regard for the superior rights of fit, proper, and suitable parents. * * * The natural rights of a parent to the custody of his child are not absolute. They must yield to the best interests of the child where the preferential right has been forfeited." (Emphasis supplied.) Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544; Goodman v. Goodman, *supra.*

It is clear from a review of the record and the applicable authorities, that there is ample evidence to sustain a finding of the present unfitness of the plaintiff. The district court was in error in not hearing all of the evidence and then determining the case in the best interests of the two children on the merits. The court's discretion in the determination of custody is broad and not limited to a choice between parents. §§ 42-311 and 42-312, R. R. S. 1943.

The judgment of the district court dismissing defendant's petition is reversed and the cause remanded for a new trial. The costs of this appeal including an attorney's fee to the defendant in the sum of $500 are taxed to plaintiff.

REVERSED AND REMANDED.