McCall v. McCall

---

MARTHA McCALL v. DANIEL McCALL

No. 8229DC286

(Filed 15 March 1983)

**Divorce and Alimony § 19— modification of order for alimony and child support pendente lite—insufficient findings**

Where an order modifying a prior order for alimony and child support *pendente lite* contained no findings as to the employment status, income or other financial resources of the parties or as to the needs of the child, and the modification order was unclear as to whether the court intended mortgage payments to be made as alimony or as child support, the case is remanded to the district court for more definite findings as to the needs and resources of the parties and what the court intended to set out as appropriate child support.

APPEAL by defendant from *Greenlee, Judge*. Order entered 6 January 1982 in District Court, HENDERSON County. Heard in the Court of Appeals 8 February 1983.

This is a civil action in which defendant seeks relief from an order modifying a prior order for child support, custody, and alimony pendente lite.

On 29 October 1980 the District Court made findings of fact and entered an order granting plaintiff custody of the minor child of the parties, $422.00 per month in alimony and $160.00 in child support. The Court also ordered that the plaintiff wife make mortgage payments on the marital home and that she have the use of the home until modified by further order.

Defendant filed a motion on 3 November 1981 for an order modifying the above order. In his motion, the defendant requested custody of the minor child and elimination of the requirement to pay alimony. On 20 November 1981 defendant also moved the court to amend its findings, make additional findings and amend its order or direct entry of a new order. Defendant's second motion requested an order denying plaintiff alimony as a matter of law and decreeing that the house be sold with the proceeds divided equally between plaintiff and defendant.

After consolidating the motions, the court heard the matter and found that the plaintiff was no longer in need of alimony, that the mortgage payments were in arrearage, and defendant husband owed plaintiff wife $422.00 in alimony.

The court then entered an order dated 4 January 1982, which reads in part:

> It is further ordered that previous orders in this matter are not fabrigated [sic] and shall remain in full force and effect except that the supporting parent, Daniel McCall shall pay the sum of $422.00 on the mortgage payments which are in arrearage which constitutes the alimony that he has owing to Martha McCall and that he shall continue to pay the mortgage payments on the home owned by the parties and that said home is a suitable resident [sic] for the child born of the marriage and he will make up any arrearages on said mortgage payments. Said home is set over for the use and benefit of said child until further orders of this court and that Martha McCall the mother therein, is entitled to live in the home with the child and that she will be subjected and ordered to pay all utilities bills on said home. Daniel McCall shall further provide Martha McCall with a copy of the payment of mortgage payments to indicate that same are current.

From the foregoing order, defendant appealed.

*No counsel for plaintiff, appellee.*

*Atkins & Craven, by Lee Atkins for defendant, appellant.*

HEDRICK, Judge.

Defendant argues that the District Court's order on 6 January 1982 did not contain sufficient findings of fact and conclu-

sions of law to sustain its award under N.C. Gen. Stat. § 50-13.4. The pertinent sections of the statute, N.C. Gen. Stat. § 50-13.4(c), (d) and (e), read as follows:

> (c) Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

> (d) Payments for the support of a minor child shall be ordered to be paid to the person having custody of the child or any other proper person, agency, organization or institution, or to the court, for the benefit of such child.

> (e) Payment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property of any interest therein, or a security interest in or possession of real property, as the court may order. In every case in which payment for the support of a minor child is ordered and alimony or alimony pendente lite is also ordered, the order shall separately state and identify each allowance.

Under the above statutory language, a court when entering an order for support, should take into account the needs of the child, the resources of the parties and any other facts relevant to the case. In the present case, the District Court, before entering the original order for support on 29 October 1980, made these pertinent findings:

> . . .

> 3. That the Defendant is the supporting spouse and the Plaintiff is the dependent spouse, based on the current position of the parties, with the Plaintiff pursuing her education full time; that said education will be finished by September 1981 at the latest;

> 4. That the Defendant is employed full time at Dupont, earning a salary of $1,320.00 month take home pay.

> . . .

McCall v. McCall

The court then ordered defendant husband to pay plaintiff wife $422.00 per month in alimony and $160.00 per month for the support of their minor child. The court also ordered that the plaintiff wife should maintain the mortgage payments on the marital home.

Without any additional findings as to the parties' employment status, their incomes or other financial resources or as to the needs of the child, the court found on 4 January 1982 that the plaintiff was no longer in need of alimony. However, the court proceeded to order that the defendant "pay the sum of $422.00 on the mortgage payments which are in arrearage *which constitutes the alimony that he has owing to Martha McCall* and that he shall continue to pay the mortgage payments on the home owned by the parties. . . ." (Emphasis added.) As allowed by N.C. Gen. Stat. § 50-13.4(e), the court granted possession of the home to the child for support and entitled the plaintiff mother to reside therein.

From our examination of the District Court's order, the relevant statute and the remainder of the record, we are unable to determine whether the lower court intended to order payment on the mortgage as alimony or as child support. On one hand, the court terminated alimony payments. On the other hand, it reinstituted those payments as payable toward the mortgage on the marital home, which it set over for the support of the child. However, it does seem clear that the original order's provision for $160.00 per month in child support was intended to stand since the subsequent modification stated that all previous orders should remain in full effect.

We hold the findings of the court were not sufficient to support the conclusions and the award ordered. Therefore, we remand the case to the District Court for more definitive findings as to the needs and resources of the parties affected as well as what the court intended to set out as appropriate child support.

Remanded.

Judges JOHNSON and EAGLES concur.