LOIS HARRIS, Respondent, v. TUDOR HARRIS, Appellant.

(Submitted May 31, 1932; decided July 19, 1932.)

*J. Harlin O'Connell* for appellant. The court has no power in amending a final decree of divorce to provide that the amount therein directed to be paid to the plaintiff for her support and maintenance be increased as of a date prior to the entry of the order amending the decree. (*Brice* v. *Brice*, 225 App. Div. 453; *Krauss* v. *Krauss*, 127 App. Div. 740; *Parkinson* v. *Parkinson*, 222 App. Div. 838; *Crawford* v. *Crawford*, 129 Misc. Rep. 683; *Goodsell* v. *Goodsell*, 82 App. Div. 65; *Kell* v. *Kell*, 179 Iowa, 647; *Livingston* v. *Livingston*, 173 N. Y. 377; *Walker* v. *Walker*, 155 N. Y. 77; *Ackerman* v. *Ackerman*, 200 N. Y. 72.)

*W. H. Dannat Pell* and *John F. Le Viness, Jr.*, for respondent. The court had the power to direct the increase to be paid from the date of plaintiff's application therefor. (*Harter* v. *Harter*, 177 App. Div. 827; *Cary* v. *Cary*, 168 App. Div. 939; 217 N. Y. 670; *McCarthy* v. *McCarthy*, 143 N. Y. 235; *Forrest* v. *Forrest*, 25 N. Y. 501.)

CRANE, J. By a decree of divorce entered in Westchester county, New York, on July 27, 1922, the defendant was directed to pay to the plaintiff the sum of $1,200 annually for her support, and support, education and maintenance of the children. The husband having inherited a large sum of money, the wife made a motion, returnable on July 30, 1929, for an increase in the allowance for herself and children. The facts alleged in her petition being questioned by the defendant, the matter was sent to a referee to take proof and report back to the court. After protracted hearings, his report was filed

January 7, 1931, and thereafter confirmed by the Special Term, which made an order directing that the amount to be paid to the plaintiff be increased to the sum of $3,000 a year " to commence *nunc pro tunc* as of the 30th day of July, 1929," the day on which the plaintiff's motion to amend the decree of divorce was returnable.

The appellant denies the power of the Supreme Court to increase alimony to take effect prior to the date of the order directing the increase.

Sections 1155 and 1170 of the Civil Practice Act provide that by an order upon the application of either party, after due notice to the other, the court may vary or modify the amount of alimony at any time after final judgment. Notice was given in compliance with these sections and the matter came on to be heard on the date specified, July 30, 1929, but the court was unable to decide at that time what to do, as the material facts were in dispute. The court might have taken evidence then and there; instead, it appointed a referee, who thereafter held many hearings. Adjournments were taken with the consent, or, at the request of the husband, and the matter dragged on for over a year and a half. Apparently no objection was made by the husband, as no motion was made to discharge the referee or terminate the reference. Finally, the referee reported the facts upon which the court could and did act.

The court had power given to it by these provisions of the Civil Practice Act to increase alimony on July 30, 1929. This was the return day of the motion to amend the decree of divorce providing for alimony. The taking of testimony was to establish the facts upon which the court could act with caution and with justice. So far as the power of the court is concerned, those facts are deemed to have been established as of the date when the motion was made returnable, July 30, 1929, and the order could properly take effect as of that date. Were this not so, a defendant, by repeated adjournments for

one excuse or another, might delay his wife in procuring for herself and his offspring the relief and help which they should have, owing to changed conditions and circumstances. The court is not bound to modify a decree either by increasing or decreasing the amount of alimony to take effect as of the date of the application, but it has the power so to do in its discretion. Such cases as *Brice* v. *Brice* (225 App. Div. 453); *Krauss* v. *Krauss* (127 App. Div. 740); *Parkinson* v. *Parkinson* (222 App. Div. 838), limiting the power of the court to reduce alimony, have reference to the amounts which have become due and owing *prior* to the time of application to the court for a reduction. These past due sums have become vested rights of property in the plaintiff which the Supreme Court has no power to take from her. The practice upon these motions is like that in the action for divorce where a final decree may, in the discretion of the court, provide that alimony be payable *nunc pro tunc* as of the time of the commencement of the action. (*McCarthy* v. *McCarthy*, 143 N. Y. 235.)

The order appealed from should be affirmed, with costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed.