FRANCES B. SLOAN v. NORMAN L. SLOAN

No. 8721DC106

(Filed 20 October 1987)

1. **Divorce and Alimony § 24.1— child support—determining amount—exclusion of children's tax returns improper**

    The trial court in an action for child support erred in refusing to receive into evidence the individual income tax returns filed by plaintiff on behalf of the three minor children of the parties, since the trial court did not give "due regard" to the estates and earnings of the children, as required by N.C.G.S. § 50-13.4(c), when it refused to receive into evidence the only information concerning these matters.

2. **Divorce and Alimony § 24.1— child support—determining amount—failure to determine estates of the parties**

    The trial court in an action for child support erred in failing to make findings of fact as to the value of the estates of each of the parties, and it was not enough that there was ample evidence in the record about the estates of both parties.

3. **Divorce and Alimony § 24.1— child support—determining amount—gift labeled as income improper**

The trial court in an action for child support erred in finding that $15,000 was a "gift" from defendant's parents and should be considered income where the parents gave the money in exchange for a non-interest bearing demand note.

4. **Divorce and Alimony § 24.1— child support—determining amount—food and car expenses of parties—court's unequal treatment of parties**

The trial court in an action for child support did not err in determining that defendant's food costs were $100 per month less than he claimed, but the court did err in disallowing defendant's $156 per month car payment as an expense because it would be paid off within the year while allowing plaintiff a $250 per month allowance for "auto payment/replacement" for a car on which no money was owed, since the expenses were virtually the same and to allow one but not the other would result in unequal treatment of the parties.

5. **Divorce and Alimony § 24.1— child support—determining amount—parties' contributions—consideration of income tax consequences**

The trial court in a child support action did not err in calculating the value of defendant's monetary contributions to the support of the children, and the court properly made adjustments based on income tax consequences; furthermore, defendant could not complain that there was no evidence to support a finding that plaintiff was in the 50% tax bracket when defendant omitted from the record the relevant evidence underlying the finding.

6. **Divorce and Alimony § 24.9— child support—retroactive order—failure to find ability to pay**

The trial court did not err in determining that defendant should pay retroactive child support where the court made specific findings as to the actual amount expended by plaintiff for support of the children and these findings were amply supported by the evidence; however, the court erred in making no finding that defendant had the present means with which to pay the lump sum retroactive award on or before a named date.

APPEAL by defendant from *Hayes, Judge.* Judgment entered 29 October 1986 in District Court, FORSYTH County. Heard in the Court of Appeals 26 August 1987.

Plaintiff wife and defendant husband were married on 21 August 1971. Three children were born of the marriage. On or about 22 April 1985, the parties separated. In July of 1985 plaintiff filed an action for child custody and support. A trial was had only on the issue of child support. Defendant was ordered to pay $1,189.00 per month prospective child support and $8,907.50 in retroactive child support. From this judgment and order, defendant appeals.

*Womble, Carlyle, Sandridge & Rice, by Jim D. Cooley and F. Lane Williamson, for plaintiff appellee.*

*Randolph and Randolph, by Clyde C. Randolph, Jr. and Rebekah L. Randolph, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in refusing to receive into evidence the 1984 individual income tax returns filed by plaintiff on behalf of the three minor children. We agree.

G.S. 50-13.4(c) states:

Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, *having due regard to the estates, earnings,* conditions, accustomed standard of living *of the child* and the parties, the child care and homemaker contributions of each party, and other facts of the particular case. (Emphasis added.)

This Court cannot conclude that the trial court gave "due regard" to the estates and earnings of the children when the trial court refused to receive into evidence the only information concerning these matters. Whether or not the trial court would have attached significance to the evidence is another question. However, such evidence should at least have been admitted for consideration. The trial court erred in refusing to admit the children's tax returns into evidence.

[2] Defendant next assigns as error the trial court's failure to make findings of fact as to the value of the estates of each of the parties. In order to comply with G.S. 50-13.4(c), the trial court is required to make findings of fact with respect to the factors listed in the statute. *Boyd v. Boyd,* 81 N.C. App. 71, 343 S.E. 2d 581 (1986); *Plott v. Plott,* 313 N.C. 63, 326 S.E. 2d 863 (1985). It is not enough that there may be evidence in the record sufficient to support findings which could have been made. *Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980). The trial court must make findings of fact on the parents' incomes, estates, and present reasonable expenses in order to determine their relative ability to pay. *Newman v. Newman,* 64 N.C. App. 125, 306 S.E. 2d 540 (1983).

Such findings are required in order for the appellate court to determine whether the trial court gave "due regard" to the factors listed. *Boyd v. Boyd*, 81 N.C. 71, 343 S.E. 2d 581 (1986). *See Atwell v. Atwell*, 74 N.C. App. 231, 328 S.E. 2d 47 (1985).

In the present case, the only finding with respect to the estates of the parties is the balance sheet of the corporation wholly owned by defendant. Although other findings allude to additional assets held by the parties, no finding is made regarding the value of their respective estates. At the very least, a trial court must determine what major assets comprise the parties' estates and their approximate value. *See Newman v. Newman*, 64 N.C. App. 125, 306 S.E. 2d 540 (1983). Such a finding is necessary in determining the ability to pay.

Although there was ample evidence contained in the record about the estates of both parties, that is not sufficient. *See Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). The trial court must determine what pertinent facts are established by the evidence before it. *Id.* In the case *sub judice*, the findings of fact are insufficient to determine whether the trial court gave due regard to the estates of the parties and the case must be remanded for further findings on this matter.

[3] Defendant next argues that the trial court erred in determining his income. More specifically, defendant contends that the trial court erred in including in defendant's income what the court termed a "gift" in the amount of $15,000.00 from defendant's parents. Defendant argues there is no evidence to support such a finding. We agree.

The $15,000.00 is evidenced by a promissory note dated 20 February 1985. The mere fact that the transaction is in the form of a non-interest bearing demand note from defendant's parents and the fact that no demand has been made, does not render it a gift. Since the record is absent of any evidence of intent of defendant's parents to relinquish or abandon their claim on the amount of the note, the court's finding that the transaction was a gift is erroneous. Even assuming *arguendo* that the $15,000.00 was a gift to defendant, it would still be error to include such a gift as income for purposes of calculating child support since there is no evidence that such generosity on the part of defendant's parents will be reoccurring.

[4] Defendant next assigns as error the trial court's findings as to defendant's reasonable living expenses. Defendant first contends that the trial court erred in reducing his allowance for food from $300.00 per month to $200.00 per month based on the finding that the defendant spends no more than $200.00 per month on food. We disagree.

During the trial defendant testified that he spent $300.00 per month on food. However, all the receipts and records of payment in the preceding year that could have possibly been spent on food amounted to only $2,405.96.

"A finding of fact that defendant's average monthly expenses are a certain amount requires only that the trial judge resolve any conflicts in the evidence and state what he finds to be true." *Plott v. Plott*, 313 N.C. 63, 74, 326 S.E. 2d 863, 870 (1985). In the present case, there is sufficient evidence to support the finding. Defendant's contention is without merit.

Defendant next contends the trial court erred in disallowing his $156.00 car payment as an expense because it would be paid off within the year, while allowing plaintiff a $250.00 allowance for "auto payment/replacement" for a car on which no money was owed. We agree.

In determining child support, the parties should be treated equally. It is a "question of fairness to all parties." *Beall v. Beall*, 290 N.C. 669, 679, 228 S.E. 2d 407, 413 (1976).

While this Court is not convinced that defendant's car payment, ending within a year, and plaintiff's "auto payment/replacement" figure, for an automobile on which nothing is currently owed, are appropriate expenses to consider in determining child support, the important concern here is that both parties were not treated equally. The expenses are virtually the same and the trial court erred in allowing one and not the other.

Defendant next assigns as error the trial court's finding of fact that the reasonable needs and expenses of the children total $4,840.00. Defendant contends that the trial court measured his obligation against a standard of living that he was never financially able to provide, even during the marriage. The record is full of evidence and testimony (including that of the defendant) relating to actual past expenditures on behalf of the children, present ex-

penses of the children, and the children's accustomed standard of living throughout the marriage. The evidence more than adequately supports the trial court's finding. Furthermore, the amount of child support ordered to be paid by defendant was computed according to a formula which took into account that defendant's income is substantially less than plaintiff's income. This assignment of error is totally without merit.

[5] Defendant next contends that the trial court erred in calculating the value of defendant's monetary contributions to the support of the children. During the period of separation, defendant had been making the entire mortgage payment on the jointly owned residence. Consequently, he took the entire mortgage interest deduction on his individual income tax returns. In offsetting the retroactive child support due with the mortgage payments paid, the trial court reduced the value of such payments by the value of one-half the interest deduction to plaintiff had she been allowed to claim such deduction on her individual income tax returns.

Defendant contends there is no authority to support such computations. While there is no express authority for adjustments based on income tax consequences, there is implied authority. G.S. 50-13.4(c) provides: "Payments ordered . . . shall be in such amount as to meet the reasonable needs of the child . . . , having due regard to . . . , and *other facts of the particular case*." (Emphasis added.) In addition to the factors enumerated in the statute, a court should take into account any other facts relevant to the case. *Warner v. Latimer*, 68 N.C. App. 170, 314 S.E. 2d 789 (1984); *McCall v. McCall*, 61 N.C. App. 312, 300 S.E. 2d 591 (1983). In the present case, the trial court did not err in computing the value of defendant's monetary contributions to child support.

Concerning this same issue, defendant further contends there is no evidence supporting a finding that plaintiff is in a 50% tax bracket. While the full tax returns of the plaintiff were admitted into evidence at trial, defendant only included the first pages of the tax return in the record presented to this Court. Therefore, on the federal return there is no way of determining what plaintiff's taxable income was or what marginal tax bracket she was in. It is the appellant's duty to insure that the record is properly

prepared and transmitted. *Tucker v. Telephone Co.*, 50 N.C. App. 112, 272 S.E. 2d 911 (1980). The defendant cannot be allowed to allege as error that there is no evidence in the record to support a finding of fact when he has omitted from the record the relevant evidence underlying the finding.

[6] Defendant next contends that the trial court erred in its conclusion of law that defendant should pay retroactive child support. We disagree.

An award for retroactive child support should be vacated when there is no evidence or finding as to the actual amount expended for the support of the children for which reimbursement is sought. *Hicks v. Hicks*, 34 N.C. App. 128, 237 S.E. 2d 307 (1977). In the present case, the trial court made specific findings as to the actual amount expended by plaintiff and these findings are amply supported by the evidence. The amount of the lump sum award is properly based upon these findings concerning the amounts actually expended. *See Warner v. Latimer*, 68 N.C. App. 170, 314 S.E. 2d 789 (1984). Defendant's contention is without merit.

The defendant next contends that there is no finding of fact that defendant has the present means with which to pay the lump sum retroactive award on or before 31 December 1986. We agree.

A trial court must make specific factual findings to support not only an award of future support, but also to support an award of reimbursement for past support. *Buff v. Carter*, 76 N.C. App. 145, 331 S.E. 2d 705 (1985). As mentioned earlier, the trial court has failed to make findings as to the estates of the parties. Therefore, there are no findings to support the defendant's ability to comply with the order.

Upon remand, the trial court shall make findings of fact concerning the estates of the parties and defendant's ability to comply with the order.

We have examined defendant's remaining contentions and have determined them to be without merit.

Reversed and remanded for further proceedings as directed in this opinion.

Judges JOHNSON and PARKER concur.