PEGGY L. HILL v. HENRY S. HILL

No. 100A92

(Filed 5 November 1993)

**Divorce and Separation § 288 (NCI4th) — modification of alimony — effectiveness as of date motion filed**

A trial court has the discretion to modify an alimony award for changed circumstances as of the date the motion to modify was filed. Therefore, the trial court's order increasing plaintiff's alimony award effective from the date the motion to modify was first noticed for hearing was not a retroactive modification of alimony.

**Am Jur 2d, Divorce and Separation § 699 et seq.**

Justice PARKER did not participate in the consideration or decision of this case.

Appeal as of right pursuant to N.C.G.S. § 7A-30(2) from a decision of a divided panel of the Court of Appeals, 105 N.C. App. 334, 413 S.E.2d 570 (1992), which affirmed in part and reversed in part an order entered by Harris, J., on 24 July 1990 in District Court, Mecklenburg County. Heard in the Supreme Court on 7 October 1992.

> *James, McElroy & Diehl, P.A., by William K. Diehl, Jr. and Katherine Line Thompson, for plaintiff-appellant.*

> *Lamb Law Offices, P.A., by William E. Lamb, Jr. and Colin P. McWhirter, for defendant-appellee.*

EXUM, Chief Justice.

This appeal involves modification of an award of alimony. The trial court found, and the Court of Appeals agreed, that plaintiff had shown "substantial and material changes of condition[s] and circumstance[s]" warranting an increase in alimony payments. The issue is whether the trial court was authorized to increase plaintiff's alimony award effective February 1988 by an order entered 24 July 1990. The Court of Appeals held the trial court's order was an unauthorized retroactive modification of alimony. We disagree and direct the trial court's order be reinstated.

Plaintiff and defendant were married 14 September 1951 and separated 1 May 1983. On 4 August 1983 the parties entered into a court approved order in South Carolina settling the issues of alimony, child custody and equitable distribution. Pursuant to this order, defendant was obligated to pay plaintiff alimony payments of $900 per month. On 20 May 1985, defendant was granted an absolute divorce in North Carolina.

Plaintiff registered the South Carolina support order in Mecklenburg County on 18 December 1985 pursuant to Chapter 52A of the North Carolina General Statutes, the Uniform Reciprocal Enforcement of Support Act ("URESA"). Once registered under URESA, an alimony order of a foreign court loses its foreign nature and becomes an order of the North Carolina court for all purposes. *Allsup v. Allsup*, 323 N.C. 603, 374 S.E.2d 237 (1988). As such

"[it] may be enforced [in this state] in the same manner as a support order issued by a court of this state." *Id.* at 606, 374 S.E.2d at 239; N.C.G.S. § 52A-30(a) (1992). Modification of the South Carolina order awarding alimony is therefore governed by our statute on this subject, which provides:

An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested.

N.C.G.S. § 50-16.9(a) (1987).

Pursuant to this statute, plaintiff filed on 21 December 1987 a motion in the cause seeking a judgment for alimony arrearages, an increase in the amount of alimony and further modification in the original support order. The motion was set for hearing on 9 February 1988; but, due to no fault of either party, the motion was not heard until 28 September 1988. By order entered 24 July 1990, in which extensive findings and conclusions were made, the trial court, among other things, increased plaintiff's alimony award from $900 to $1,500 per month. The trial court found that "[p]ursuant to local rules of practice (Rule 11) of the 26th Judicial District, an order of support entered after a continuance from an original hearing date may be made retroactive to the date when the case was to have been heard."[1] After ordering an increase in alimony from $900 to $1,500 per month effective February 1988 and thereafter monthly, the trial further ordered as follows:

The Court is informed as of June 29, 1990 that Defendant has continued to make alimony payments at the rate of $900.00 per month from February 1988 through the month of June 1990. An arrearage has thus accumulated for a period of 29 months at a rate of $600.00 per month, creating a principal sum due of $17,400.00 in alimony arrearages. Judgment is rendered in favor of Plaintiff against Defendant in that amount plus interest due on each payment ($600.00 per month) from the due date (the first day of each month commencing with

---

1. Defendant argues that local rule 11 does not authorize the trial court's ruling because it expressly applies only to "alimony *pendente lite.*" Our decision, however, is not based on local rule 11. It is based on the common law which applies generally to modifications of alimony awards. Whether local rule 11 provides authorization or not is immaterial to our decision.

**HILL v. HILL**

[335 N.C. 140 (1993)]

the month of February 1988). The Court further directs that this arrearage of $17,400.00 plus accrued interest on each payment shall be liquidated in full by Defendant on or before December 1, 1990.

The Court of Appeals unanimously affirmed the trial court's order insofar as it increased the alimony award. A majority of the Court of Appeals concluded, however, that the trial court was without authority to make the increase effective February 1988 and reversed only this aspect of the trial court's order. Judge Cozort, dissenting, disagreed with this conclusion. He wrote, "I dissent from that portion of the majority opinion which holds that the trial court erred in making the alimony increase retroactive with interest from the date when the case was first scheduled to be heard. I concur with the remainder of the majority opinion."

Defendant appeals on the basis of Judge Cozort's dissent. The question before us, then, is whether the Court of Appeals majority erred in reversing that aspect of the trial court's order making the increase in alimony effective February 1988 with interest.[2] We hold that it did.

Defendant challenges the trial court's authority to order the alimony increase effective February 1988 on the ground that the order constituted an unauthorized retroactive modification of alimony. He urges us to affirm the Court of Appeals.

We do not agree. We need not consider whether this state's law authorizes retroactive modifications of alimony because we conclude the trial court's order modifying alimony from the date the matter was first noticed for hearing is not a retroactive modification. While this issue has not been addressed previously by this Court, we are persuaded by the rule which prevails in other jurisdictions which states:

Orders which modify alimony or support payments effective as of the date of the petition or subsequent thereto but prior to the date of the order of modification are not subject to

2. Defendant makes no separate argument and refers us to no authority directed specifically to the power of the trial court to order that interest be paid on the monthly increases in alimony from the date these increases became due. Defendant's argument is simply that because the trial court had no authority to make the increases effective before the date of its order, it likewise had no authority to assess interest which accrued on the increases.

the criticism that they have retroactive effect which destroys
vested rights. This is true because the modification and the
whole proceeding in which it is made are referable to the
date of the filing of the petition and any change effective
as of that date cannot be said to be retroactive.

*McArthur v. McArthur*, 106 So. 2d 73, 76 (Fla. 1958). *Accord Holt
v. Holt*, 633 S.W.2d 171 (Mo. App. 1982); *McLeod v. Sandy Island
Corp.*, 260 S.C. 209, 195 S.E.2d 178 (1973); *Goodman v. Goodman*,
173 Neb. 330, 113 N.W.2d 202 (1962); *Harris v. Harris*, 259 N.Y.
334, 182 N.E. 7 (1932).

In *Harris v. Harris*, the Court of Appeals of New York ex-
plained the rationale behind this precept:

[The purpose for the hearing on plaintiff's motion is] to establish
the facts upon which the court could act with caution and
with justice. So far as the power of the court is concerned,
those facts are deemed to have been established as of the
date when the motion was made returnable . . . and the order
could properly take effect as of that date. Were this not so,
a defendant, by repeated adjournments for one excuse or
another, might delay [the plaintiff] in procuring . . . the relief
and help which [the plaintiff] should have, owing to changed
conditions and circumstances.

*Harris*, 259 N.Y. at 336-37, 182 N.E. at 8. For this reason, "[a]
majority of the courts of other states which have considered the
question have held a trial court may make modifications effective
as of the date the petition is filed." *Kruse v. Kruse*, 464 N.E.2d
934, 938 (Ind. App. 1984) ("To grant modification of support only
from the date of the court's order detracts from the purposes
of the changed circumstances and serves to encourage and benefit
dilatory tactics"). *Accord Trezevant v. Trezevant*, 403 A.2d 1134
(D.C. App. 1979); *Movius v. Movius*, 163 Mont. 463, 517 P.2d 884
(1974); *Goodman v. Goodman*, 173 Neb. 330, 113 N.W.2d 202; 52
A.L.R. 3d 156 (1973). Further support for this position is found
in the Uniform Marriage and Divorce Act, which provides:

[T]he provisions of any decree respecting maintenance or sup-
port may be modified only as to installments accruing subse-
quent to the motion for modification and only upon a showing
of changed circumstances so substantial and continuing as to
make the terms unconscionable. . . .

Marriage and Divorce Act § 316, 9A U.L.A. 183 (1979).

**HILL v. HILL**

[335 N.C. 140 (1993)]

Because a trial court has the discretion to modify an alimony award as of the date the petition to modify is filed, "[i]t follows, then, a trial court has discretion to make the modification effective as of any ensuing date after a petition to modify is filed." *Kruse*, 464 N.E.2d at 939. Here the trial court ordered the alimony increase effective February 1988, the month during which the initial hearing was scheduled. Because this date was subsequent to the 21 December 1987 filing of plaintiff's motion, the trial court's order was not a retroactive modification.

*Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E.2d 487 (1963), relied on by defendant, does not control the issue presented. *Fuchs* involved the modification of a child support order. The motion for modification was filed 11 June 1963. The trial court ordered an increase in the amount of child support effective February 1963, five months before the motion was filed. This Court held that "the order making the increased allowance retroactive to and including February 1963, without evidence of some emergency situation that required the expenditure of sums in excess of the amounts paid by the plaintiff for the support of his minor children, is neither warranted in law nor equity." 260 N.C. at 641, 133 S.E.2d at 492. *Fuchs* thus dealt with a true retroactive modification, i.e., a modification ordered to take place before the motion for modification was filed. Here, as we have shown, the modification was not retroactive because it was made to take effect on a date subsequent to the date the motion for modification was made.

For the foregoing reasons, the decision of the Court of Appeals reversing in part the trial court's order is reversed and the trial court's order is in all respects reinstated.

REVERSED.

Justice Parker did not participate in the consideration or decision of this case.