JOHN ANDERSON TAYLOR, JR., PLAINTIFF v. DULCIA G. TAYLOR, DEFENDANT

No. 9421DC599

(Filed 4 April 1995)

**1. Divorce and Separation § 392 (NCI4th)— child support from filing of complaint to hearing—no retroactive child support—incorrect test applied**

Child support awarded from the time a party files a complaint for child support to the date of trial is in the nature of prospective child support and is not retroactive child support; therefore, the trial court erred in classifying the child support ordered from the date defendant filed her claim for child support to the date the hearing on the issue was held as retroactive child support and used the incorrect test in determining what child support should be awarded.

**Am Jur 2d, Divorce and Separation §§ 1035 et seq.**

**2. Divorce and Separation § 392.1 (NCI4th)— child support guidelines—inapplicability because of parties' income**

The child support guidelines did not apply to a determination of child support where the parties' combined income was approximately $400,000 per year.

**Am Jur 2d, Divorce and Separation §§ 1035 et seq.**

**3. Divorce and Separation § 403 (NCI4th)— child support— father's expenses—exclusion of certain debts**

Loan payments to plaintiff's father were properly excluded by the trial court in determining plaintiff's income for child support purposes where the payments have been deferred and plaintiff has no concrete plans for making such payments. However, the trial court erred in excluding plaintiff's monthly payments to a trust for debt incurred to purchase defendant's stock in a Subchapter S corporation under an equitable distribution settlement.

**Am Jur 2d, Divorce and Separation §§ 1041, 1042.**

**4. Divorce and Separation § 400 (NCI4th)— child support— income improperly calculated—failure to find value of parties' estates**

The trial court erred in using the amount of income allocated to plaintiff by Taylor Oil, a Subchapter S corporation in which

plaintiff was a shareholder, in calculating his income because the allocated amount was higher than the cash actually distributed to him by Taylor Oil, and the court erred in failing to make findings of fact as to the value of the parties' estates.

**Am Jur 2d, Divorce and Separation §§ 1041, 1042.**

5. **Divorce and Separation § 551 (NCI4th)— action for child support—inability of party to defray expenses—insufficiency of findings—award of attorney fees improper**

   The trial court erred in finding that defendant had sufficient means to defray litigation expenses and that plaintiff did not refuse to pay child support, and in therefore denying defendant's motion for attorney's fees, where the court was required to find that plaintiff did not refuse to pay adequate child support under the circumstances, but this issue was not addressed by the trial court; furthermore, whether a party has insufficient means to defray the expenses of the action requires a consideration of the estates of both parties, but the trial court made findings only as to the value of defendant's estate.

**Am Jur 2d, Divorce and Separation §§ 798 et seq.**

Judge LEWIS dissenting in part, concurring in part.

Appeal by plaintiff and defendant from order entered 24 January 1994 in Forsyth County District Court by Judge Chester C. Davis. Heard in the Court of Appeals 24 February 1995.

*Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff-appellee/appellant.*

*Robinson Maready Lawing & Comerford, L.L.P., by Norwood Robinson and C. Ray Grantham, Jr., for defendant-appellee/appellant.*

GREENE, Judge.

John Anderson Taylor, Jr. (plaintiff) appeals from an order entered 24 January 1994 in Forsyth County District Court, ordering him to pay Dulcia G. Taylor (defendant) prospective and retroactive child support, and defendant appeals from the same order, denying her claim for attorney's fees.

Plaintiff and defendant were married on 30 December 1981 and separated on 7 May 1990 and have two children from the marriage. On 10 May 1991, plaintiff filed a verified complaint for absolute divorce, and on 10 June 1991, defendant filed an answer and counterclaim, seeking primary physical custody of their two children, child support, and the costs of the action. Judge Margaret L. Sharpe granted the parties an absolute divorce on 18 July 1991, and on 6 December 1991, Judge R. Kason Keiger signed an "interim child support order" consented to by the parties and decreeing "in lieu of a child support order in a sum certain," plaintiff "will insure that funds are made available from applicable trusts or otherwise to continue to pay the children's educational expenses . . . until such time as a final determination is made as to the issues of custody and child support."

A hearing on the issues of child support, child custody, and attorney's fees took place in August and October of 1993. Roger Edwards (Edwards), a certified public accountant who handles plaintiff and Taylor Oil Company's (Taylor Oil) accounts, testified that plaintiff is a shareholder in Taylor Oil, a subchapter S corporation. "[E]ach year the corporation allocates the income [from Taylor Oil] among all the shareholders. . . . The income that is actually allocated is included in that shareholders individual income tax return, and he pays the income tax on it." Edwards stated that allocations on which shareholders pay income tax are often different from the cash distributions actually received by the shareholders so that plaintiff paid income taxes on allocations of $262,689 in 1991 and $334,911 in 1992 while receiving actual cash distributions of $220,000 in 1991 and $295,000 in 1992.

In an order filed 23 January 1994 and entered 24 January 1994, Judge Chester C. Davis made the findings of fact that defendant, as a result of the separation agreement, received the marital home with a value of $200,000, all the furniture in the home, and $1,036,307, and that "[d]efendant's answer and counterclaim did not specifically request retroactive child support for the period between May 10, 1990, and June 10, 1991, . . . [but] did request attorney's fees on August 20, 1993." Judge Davis also found plaintiff paid defendant child support of $2,500 to $5,000 per month from 7 May 1990 until 1 February 1991, but "did not consider the school expenses at Forsyth Country Day School [of $600 to $650 per month per child paid out of a trust] because neither party is paying that expense." Judge Davis then made findings for: (1) "**RETROACTIVE CHILD SUPPORT June 10, 1991 through December 31, 1991**" concerning defendant's expenses for

the reasonable needs of the children for that period, defendant's 1991 income, and plaintiff's 1991 income; (2) "RETROACTIVE CHILD SUPPORT-1992" concerning defendant's expenses for the children's reasonable needs for 1992, defendant's 1992 income, and plaintiff's 1992 income; and (3) "RETROACTIVE CHILD SUPPORT January 1, 1993 through September 30, 1993" concerning defendant's expenses for the reasonable needs of the children during that time, defendant's projected 1993 income, and plaintiff's 1993 income.

Then, in a section labeled "FUTURE CHILD SUPPORT," Judge Davis made the following relevant findings:

89. At the time of the equitable distribution, plaintiff chose not to give defendant one half of the stock they owned in Taylor Oil but instead decided to retain the stock and create debt to purchase defendant's interest in the stock.

90. The court finds that plaintiff created a financial situation in which he generated debt in the approximate amount of $1,036,000 while retaining assets which otherwise could have been transferred to defendant in this matter.

91. Therefore, the Court finds that the Salem Trust debt with monthly payments of $9,967 is not allowed as a valid debt of the plaintiff for determining his gross income for child support purposes.

92. Plaintiff also claimed as an itemized monthly deduction from his gross income, a debt that he owes to his father, John A. Taylor, Sr., in the amount of $195,126 for a loan he received to pay defendant her equitable distribution of the parties' marital property. The court finds that plaintiff is making monthly payments of interest in the amount of $657 on that loan.

93. Further, the court finds that the plaintiff owes his father, John A. Taylor, Sr., $292,178 for a loan he received to purchase shares of Taylor Oil Company stock, on which plaintiff is making monthly payments of $984.

94. The Court finds that both of these debts like the Salem Trust debt, were created by plaintiff so he could retain assets which otherwise could have been transferred to defendant during the equitable distribution. The Court will not allow deductions for these monthly payments because plaintiff has created this debt.

95. The Court notes that plaintiff's father has deferred any payment on the principal of these notes and has forgiven the interest payments.

. . . .

105. Therefore, the Court finds that the total combined annual income for the parties is approximately $419,690.00.

In the three sections of the order labeled "retroactive child support" and the one section labeled "future child support," the court used the allocated income figures which plaintiff received from Taylor Oil rather than the cash actually distributed to plaintiff in determining his income. For attorney's fees, the trial court found defendant "has a reasonably liquid estate of $666,581, a home now having an approximate value of $350,000, two cars, and furniture all of which have an approximate total value of 1.1 million dollars," that she is "an interested party" and "was acting in good faith."

The trial court then made the following pertinent conclusions of law based on the findings:

3. That plaintiff has sufficient funds to pay child support as is hereinafter ordered by the Court.

4. That plaintiff has sufficient assets to pay retroactive child support as is hereinafter ordered by the Court.

5. That plaintiff's gross projected income for 1993 is $372,182.

. . . .

8. That the plaintiff did not refuse to pay child support.

. . . .

10. That defendant is entitled to recover retroactive child support from plaintiff for the period June 7, 1991 through September 30, 1993.

Based on these findings and conclusions, the trial court ordered the following:

1. Plaintiff shall pay directly to the defendant the sum of $4,685 per month for John and Ashton as child support, beginning November 15, 1993, by the 15th day of each month thereafter for the support of each of the minor children until as prescribed by N.C. Gen. Stat. §50-13.4(c) as recently amended.

2. Plaintiff shall pay directly to the defendant the sum of $110,727 as retroactive child support by January 31, 1994. . . .

3. Defendant shall have and recover no attorneys' fees from plaintiff.

---

The issues presented are whether (I) the trial court properly used the test for retroactive child support in awarding child support from the date defendant filed her claim for child support to the date of trial; (II) the trial court, in calculating prospective child support, properly considered (A) debt incurred by plaintiff by virtue of the equitable distribution settlement with defendant; and (B) plaintiff's income allocated to him by Taylor Oil where cash distributions he received from Taylor Oil were lower than the allocated income and the value of the parties' estates; and (III) there is sufficient evidence to support the conclusion defendant is not entitled to attorney's fees.

I

[1] Child support awarded **prior** to the time a party files a complaint is properly classified as retroactive child support and is determined by considering reasonably necessary expenditures made on behalf of the child by the party seeking retroactive child support and "the defendant's ability to pay during the period in the past for which reimbursement is sought." *Savani v. Savani*, 102 N.C. App. 496, 501-02, 403 S.E.2d 900, 903 (1991). Child support awarded, however, from the time a party files a complaint for child support to the date of trial is not "retroactive child support," but is in the nature of prospective child support representing that period from the time a complaint seeking child support is filed to the date of trial. *Tidwell v. Booker*, 290 N.C. 98, 116, 225 S.E.2d 816, 827 (1976) (awarding future child support from date of filing of complaint forward and awarding retroactive child support for period before filing of complaint); *cf. Hill v. Hill*, 335 N.C. 140, 143-44, 435 S.E.2d 766, 768 (1993) (trial court's order modifying alimony from date matter was first noticed for hearing is not a retroactive modification); *Mackins v. Mackins*, 114 N.C. App. 538, 543-44, 442 S.E.2d 352, 355-56 (trial court's order increasing child support from April 1991 through February 1993 was not a retroactive modification of child support because April 1991 was subsequent to 27 March 1991, the date plaintiff filed motion for increased child support), *disc. rev. denied*, 337 N.C. 694, 448 S.E.2d 527 (1994). This is so because an order for child support can "properly take effect as of [the] date" a complaint for child support is filed.

*Hill,* 335 N.C. at 144, 435 S.E.2d at 768 (*quoting Harris v. Harris,* 259 N.Y. 334, 336-37, 182 N.E. 7, 8 (1932)).

In this case, the trial court classified the child support ordered from 10 June 1991, the date defendant filed her claim for child support to 30 September 1993, a date when the hearing on the issues were being held, as "retroactive child support" and used the test for determining retroactive child support for that period. The trial court, therefore, used the incorrect test in determining what child support should be awarded defendant from the time she filed her claim to the date of trial. The court should have used the same test for determining the child support from 10 June 1991, the date defendant filed her claim for child support, and the date of trial as it used for determining prospective child support.

II

[2]	Prospective child support is normally determined under the North Carolina Child Support Guidelines (the Guidelines). The Guidelines in effect at the time of this trial specifically state the Guidelines do not apply in determining child support where the parents' combined adjusted gross income is higher than $10,000 per month ($120,000 per year). 1991 *North Carolina Child Support Guidelines; see* 1994 *North Carolina Child Support Guidelines* (Guidelines do not apply if parents' combined adjusted gross income is higher than $12,500 per month ($150,000 per year)). "For cases with higher combined monthly adjusted gross income, child support should be determined on a case-by-case basis. But in no event should the award in such case be lower than that established by applying the Guidelines' maximum amount in the Schedule of Basic Child Support Obligations." 1991 *Guidelines.* Because in this case, the parties' combined income is approximately $400,000, the Guidelines do not apply. In determining child support on a case-by-case basis, the order "must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount." *Newman v. Newman,* 64 N.C. App. 125, 127, 306 S.E.2d 540, 542, *disc. rev. denied,* 309 N.C. 822, 310 S.E.2d 351 (1983) (*quoting Coble v. Coble,* 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)). The court should determine the child's reasonable needs that exist at the time of trial and the parties' relative abilities to pay at the time of trial. Furthermore, to determine the relative abilities of the parties to provide support, the court "must hear evidence and make findings of

fact on the parents' income[s], estates (e.g., savings; real estate holdings, including fair market value and equity; stocks; and bonds) and present reasonable expenses." *Little v. Little,* 74 N.C. App. 12, 20, 327 S.E.2d 283, 290 (1985) (*citing Newman,* 64 N.C. App. at 128, 306 S.E.2d at 542). The trial court, in determining the appropriate amount of child support, has considerable discretion in considering the factors contained in N.C. Gen. Stat. § 50-13.4(c); *Boyd v. Boyd,* 81 N.C. App. 71, 78, 343 S.E.2d 581, 586 (1986). If the court's findings are supported by competent evidence in the record and are specific enough to enable this Court to determine the trial court "took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed standard of living' of both the child and the parents," *Coble,* 300 N.C. at 712, 268 S.E.2d at 189, its determination as to the proper amount of support will not be disturbed on appeal absent a clear abuse of discretion, i.e., "manifestly unsupported by reason." *Plott v. Plott,* 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985).

### A. Debt Incurred by Plaintiff

[3] Plaintiff first contends that the trial court did not consider his ability to pay in calculating the award for child support because it failed to deduct from his monthly income and excluded from his monthly expenses payments to creditors required to maintain income producing assets associated with the equitable distribution of marital property. The payments to creditors include $9,967 per month to Salem Trust, $657 per month to plaintiff's father for a loan, and $984 per month to plaintiff's father for another loan. Because the evidence shows, and the trial court found, that the payments to plaintiff's father have been deferred, the trial court did not abuse its discretion in failing to deduct these amounts which are expenses "not yet made by [plaintiff] with no concrete plans to make such" expenditures. *Witherow v. Witherow,* 99 N.C. App. 61, 65, 392 S.E.2d 627, 630 (1990), *aff'd,* 328 N.C. 324, 401 S.E.2d 362 (1991).

The trial court, however, in considering plaintiff's income generated by the stock he has as a result of incurring the Salem Trust debt, abused its discretion in not considering plaintiff's payments to Salem Trust as part of his expenses. Had plaintiff not incurred the Salem Trust debt, he would have had to deplete the amount of assets he possessed in order to comply with the equitable distribution settlement and would therefore have less income to consider for determining child support. Therefore, by failing to include the Salem Trust debt, the trial court did not give "due regard" to plaintiff's reasonable

expenses and did not accurately reflect his relative ability to pay child support.

### B. Plaintiff's Income From Taylor Oil

[4]   Plaintiff contends the trial court erred in using the amount of income allocated to him by Taylor Oil in calculating his income because the allocated amount is higher than the cash actually distributed to him by Taylor Oil and in failing to make findings of fact as to the value of the parties' estates. We agree.

The allocated income amount used by the trial court does not represent plaintiff's actual income received as cash distributions from Taylor Oil; therefore, the court did not give due regard to plaintiff's earnings and relative ability to pay child support. Furthermore, there is no finding in the trial court's order regarding the value of plaintiff's estate. "At the very least, a trial court must determine what major assets comprise the parties' estates and their approximate value." *Sloan v. Sloan*, 87 N.C. App. 392, 395, 360 S.E.2d 816, 819 (1987). Therefore, the trial court abused its discretion in calculating plaintiff's income and in failing to value plaintiff's estate.

For the reasons previously discussed, the trial court abused its discretion in calculating the amount of prospective child support, and the case must be remanded for further findings on the parties' incomes, estates, expenses, and relative abilities to pay in determining prospective child support. Furthermore, because we have already determined that the trial court erred in using the "retroactive child support" test for calculating prospective child support representing that time from 10 June 1991 through 30 September 1993, the case must be remanded so that the court can, pursuant to N.C. Gen. Stat. § 50-13.4(c), make appropriate findings of fact on the reasonable needs of the children, the "estates, earnings, conditions, accustomed standard of living of the child and the parties" for that period of time from 10 June 1991 through September 1993.

We have reviewed plaintiff's other assignments of error concerning the order for prospective child support and find no abuse of discretion by the trial court on those issues.

### III

[5]   Defendant, in her appeal, contends the trial court erred in finding she had sufficient means to defray litigation expenses and in finding

plaintiff did not refuse to pay child support, and, therefore, in denying defendant's motion for attorney's fees.

Although the trial court has considerable discretion in allowing or disallowing attorney's fees in child support cases, *Warner v. Latimer*, 68 N.C. App. 170, 176, 314 S.E.2d 789, 793 (1984), an award of attorney's fees in a child support action is proper only if the trial court finds as fact that "(1) the interested party (a) acted in good faith and (b) has insufficient means to defray the expenses of the action and further, that (2) the supporting party refused to provide adequate support 'under the circumstances existing at the time of the institution of the action or proceeding.' " *Brower v. Brower*, 75 N.C. App. 425, 429, 331 S.E.2d 170, 174 (1985); N.C.G.S. § 50-13.6.

In this case, the trial court found "plaintiff did not refuse to pay child support." This finding, however, cannot be a basis for denying attorney's fees because the question is not whether plaintiff refused to pay any child support but whether he refused to pay **adequate** child support "under the circumstances existing at the time of the institution of the action." This issue has not been addressed by the trial court. Plaintiff nonetheless argues that because he complied with the 6 December 1991 consent decree with regard to the trust fund payments, the trial court must find, as a matter of law, that he has provided adequate child support within the meaning of N.C. Gen. Stat. § 50-13.6. We disagree. *See Sikes v. Sikes*, 330 N.C. 595, 600, 411 S.E.2d 588, 591-92 (1992).

On the question of whether defendant has insufficient means to defray the expenses of the action, the record reveals that the court made its determination on this issue without considering the relative estates of the parties. The trial court only made findings on the value of the defendant's estate. Whether a party has insufficient means to defray the expenses of the action requires a consideration of the estates of both parties. "[T]o require one seeking an award of attorney's fees to meet the expenses of litigation through the unreasonable depletion of her separate estate where her separate estate is smaller than that of the other party" would be contrary to the intent of the legislature. *Cobb v. Cobb*, 79 N.C. App. 592, 596-97, 339 S.E.2d 825, 828 (1986); *Lawrence v. Tise*, 107 N.C. App. 140, 153-54, 419 S.E.2d 176, 185 (1992) (court's finding mother has means to pay attorney is not supported by evidence where her income is not sufficient to pay legal expenses and she would have to deplete her small estate to pay legal expenses); *cf. Clark v. Clark*, 301 N.C. 123, 136-37, 271 S.E.2d 58,

TAYLOR v. TAYLOR

[118 N.C. App. 356 (1995)]

67-8 (1980) (in alimony case, court should inquire into separate estates of parties which are available to defray costs of litigation and disparity of financial resources). Because, therefore, of these inadequacies with respect to the issues of whether the plaintiff refused to pay adequate child support and whether the defendant had sufficient means to defray the legal expenses of the child support action, the question of defendant's entitlement to attorney's fees is remanded to the trial court for reconsideration.

On remand, with regard to both the child support issue and the attorney's fees issue, "the trial court should enter a new judgment consistent with this opinion, relying upon the existing record . . . and receiving additional evidence and entertaining argument only as necessary to correct the errors identified herein." *Fox v. Fox*, 114 N.C. App. 125, 138, 441 S.E.2d 613, 621 (1994).

Reversed and remanded.

Judge COZORT concurs.

Judge LEWIS dissents in part and concurs in part.

Judge LEWIS dissenting in part, concurring in part.

I dissent as to the majority's decision to remand on the issue of attorney's fees under N.C.G.S. § 50-13.6. I do not agree that the trial court is required in this case to consider the relative estates of the parties in determining whether the party seeking attorney's fees has insufficient means to defray the expense of the suit. I also do not agree that requiring this defendant to pay her own attorney's fees constitutes an unreasonable depletion of her estate.

None of the cases cited by the majority require a consideration of the relative estates of the parties in determining the threshold question of whether attorney's fees should be awarded in child support cases. *Clark* was an alimony case dealing with the issue of whether the proper amount of fees had been awarded, and not with the initial determination of whether attorney's fees should have been awarded at all. *See Clark*, 301 N.C. at 136, 271 S.E.2d at 67. As such, it is inapposite.

In *Cobb*, this court did consider the relative estates of the parties in making a determination of whether an award of attorney's fees was proper. *Cobb*, 79 N.C. App. at 596, 339 S.E.2d at 828. However, *Cobb*

does not require such a consideration in all cases. Consideration of both parties' estates is appropriate under <u>Cobb</u> when the party seeking attorney's fees would be required to deplete her estate unreasonably in order to pay her litigation expenses. *See id.* at 596-7, 339 S.E.2d at 828.

The plaintiff seeking attorney's fees in *Cobb* had no liquid assets and her actual income did not meet her living expenses. Thus, requiring her to deplete this small estate was not reasonable. Here, the court found that defendant has a liquid estate of $666,581, a home worth $350,000, two cars, and furniture, all of which have an approximate value of $ 1.1 million. Defendant's situation is very different from the plaintiff in *Cobb* who would have had to sell her only remaining asset, her home, to pay attorney's fees. Defendant's situation is also very different from the plaintiff in *Lawrence*, also cited by the majority, whose monthly expenses exceeded her income and who had a small estate compared to that of defendant here. *See Lawrence*, 107 N.C. App. at 153-54, 419 S.E.2d at 184.

Requiring defendant to sell some of her substantial assets to pay her attorney's fees is not an unreasonable depletion of her estate. Plaintiff may well be required to liquidate some of his assets to pay his litigation expenses. Since defendant has substantial assets, it is not unreasonable to require her to liquidate some of hers as well. Thus, there was no need for the court to inquire into the relative estates of the parties.

The majority's requirement that a court always consider the relative estates of both parties may result in the award of attorney's fees whenever one spouse has a larger estate than the other even when the moving party has a substantial estate. Such a requirement goes far beyond the scope of section 50-13.6 which permits attorney's fees only when the party seeking fees has "*insufficient means to defray the expense of the* suit" I cannot believe that the legislature intended such a result nor should we build an additional hurdle for trial judges to clear.

The trial court did not err in finding that the defendant had sufficient means to defray her litigation expenses. Since a finding of insufficient means is required for an award of attorney's fees under section 50-13.6, the trial court properly denied defendant's motion for attorney's fees.

I concur with the majority's disposition of the other issues raised in this case.